Louis B. Heller, J.
This is an application to resettle an order confirming an arbitration award which included a direction for the entry of judgment thereon.
The motion is granted to the extent of allowing the inclusion of interest on the award from the date thereof to the date of entry of the judgment (Matter of East India Trading Co. [Halari], 280 App. Div. 420, affd. 305 N. Y. 866) and to the inclusion of disbursements incurred after the award, in compensation for the payment of the $5 fee to the County Clerk for an index number. Since the statute provides for the entry *1021 of such a judgment (CPLB 7514, suhd. [a]), it is the opinion of the court that the fee therefor should be regarded as a taxable disbursement. (Also, in this connection, see CPLB 8301, subd. [c].)
Petitioner’s request that he be allowed statutory costs, as in an action or proceeding, is denied. Petitioner asserts a claim of right to $25 costs “ before a note of issue ” under subdivision 1 of 8201 CPLB. However, article 82 of CPLB, which specifies the amount of costs to which a party is entitled at various stages of a civil proceeding, presupposes the existence of an award of costs and by its provisions merely fixes the dollar amounts at the various stages (8 Weinstein-KornMiller, N. Y. Civ. Prae., 1Í8201.01).
Nor is 8101 CPLB of any aid to the petitioner. The section provides that the ‘‘ party in whose favor a judgment is entered is entitled to costs in the action ”. (Emphasis supplied.) The provisions of the CPLB which are applicable to actions are similarly applicable to special proceedings (CPLB 103, subd. [b]).
The concept that the procedure wherein parties have arbitrated a controversy existing between them is construed as a special proceeding no longer prevails under the CPLB. (See Matter of Chariot Textiles Corp. [Kute Kiddies Coats], 21 A D 2d 762, 763.)
As for the case of Matter of Mossman (MVAIC) (19 A D 2d 842), the most that can be claimed under the holding is that the court disapproved the imposition of any costs (assessed under a statute [former Civ. Prac. Act, § 1464] which permitted the allowance of up to $25 costs on a motion to confirm an arbitrator’s award) where the motion to confirm was unopposed. (See record on appeal.)