195 So.2d 221 (1967)
Norman K. RUTKIN, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellees.
No. 66-208.
District Court of Appeal of Florida. Third District.
February 7, 1967.
Rehearing Denied March 7, 1967.
*222 Klein, Tannenbaum & McGovern, Miami, for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl and Edward J. Atkins, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
CARROLL, Judge.
This is an appeal by the plaintiff below from an adverse judgment entered on a motion of the defendant for judgment on the pleadings.
Plaintiff was involved in an automobile accident caused by an uninsured motorist. The plaintiff's indemnity insurance policy contained an uninsured motorist clause, with provisions for arbitration. Plaintiff's claim for damages was arbitrated with his indemnity insurer which resulted in an award of $3,500. In tendering payment the insurer demanded a satisfaction broad enough to preclude the plaintiff from making further claims for medical payments and costs. Plaintiff then sued its insurer, tendering a satisfaction for the $3,500 and claiming medical payments and certain costs. After suit was filed the insurer paid the $3,500 award, and also paid $401.60 for medical payments incurred by plaintiff and $250 for attorney's fees. In addition the insurer agreed, without conceding liability therefor, that plaintiff could amend his complaint to seek costs and attorney's fees.
The Florida arbitration statute provides in § 57.20 Fla. Stat., F.S.A. that "[u]nless otherwise provided in the agreement or *223 provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award."
The arbitration agreement involved in this case made provision for each party to select an arbitrator and for those to select a third; that the arbitration should then proceed; and that each party "shall pay his own or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration."
By his amended complaint the plaintiff did not seek to recover his arbitration expenses which the agreement required to be shared by the parties, but sought to recover from the insurer the costs he had incurred in the course of the arbitration of the kind that would have been incurred in the prosecution and trial of his claim in a common law action, and such as the court in its discretion would have allowed to the plaintiff as the successful party and included in the judgment, in an action at law.[1]
The question presented, as to the cost claim, is one of construction of the provision in the arbitration agreement with reference to payment of "expenses of the arbitration." The plaintiff-appellant contends, and we agree, that the expenses of the arbitration referred to in that provision were the fees of the arbitrators and the expenses of conducting the arbitration as such, and did not include or encompass the items of cost such as witness fees, etc., claimed by plaintiff to be recoverable against the uninsured motorist. In the brief of the appellee it was conceded that costs such as those sought to be recovered here would be recoverable by a successful plaintiff in a law action for personal injuries, but appellee argued such costs when so allowed were not "damages," and therefore were not recoverable against the insurer under the uninsured motorists coverage. To that contention of the appellee we can not agree.
The party recovering judgment in a law action is entitled to costs. The fact *224 that in a jury trial the amount of costs is determined by the judge, while only the compensatory damages are assessed by a jury and stated in its verdict, is not material because costs allowed by the court are entitled to be added to the amount of the jury verdict and included in the judgment.[2] A holding that such "court costs" are not recoverable against the insurer, because they were incurred in an arbitration rather than in a law action, when one has a valid claim for personal injuries against an uninsured motorist, would be in violation of the policy of the statute (§ 627.0851 Fla. Stat., F.S.A.,) for recovery from the insurer of that which would have been recoverable from the uninsured motorists if the latter had maintained a policy of liability insurance.
In the case of Davis v. United States Fidel. & G. Co. of Baltimore, Md., Fla.App. 1965, 172 So.2d 485, 486, the policy of the statute as referred to above was stated as follows:
"The cited statute [§ 627.0851 Fla. Stat., F.S.A.,] requiring that protection against uninsured motorist be provided in all automobile liability insurance policies issued in this state, unless written notice declining such coverage be given by the insured, established the public policy of this state to be that every insured, within the definition of that term as defined in the policy, is entitled to recover under the policy for the damages he or she would have been able to recover against the offending motorist if that motorist had maintained a policy of liability insurance. * * *"
Accordingly the decree appealed from is reversed and the cause is remanded with directions to enter judgment against the defendant for the claimed costs, or such of them as the trial court shall determine proper,[3] and to include in the judgment an allowance to the plaintiff of reasonable attorney fees as provided for in the applicable statute, § 627.0127 Fla. Stat., F.S.A., taking into consideration that the insurer has voluntarily paid to plaintiff $250 attorney fees.
Reversed and remanded with directions.
HENDRY, Chief Judge (dissenting).
I respectfully dissent. Under the common law, a successful litigant was not entitled to recover from his adversary the costs incurred in litigation. Costs can not, therefore, be awarded unless authorized by statute. In Florida, costs can also be awarded by agreement of the parties.[1]
The majority accepts the contention that the fees and expenses referred to in the arbitration agreement between the parties does not encompass the items of cost under discussion; nor are they recoverable under the Florida arbitration statute.
The majority does conclude that a successful party in an arbitration proceeding is entitled to costs as a party recovering judgment in a law action.
The case of Davis v. United States Fidel. & G. Co. of Baltimore, Md., supra, is cited to show that it is the public policy of this state to allow the insured under an uninsured automobile coverage agreement to recover under the policy for damages he would have been able to recover against the offending motorist.
*225 However, recovery of damages does not include costs; costs are recoverable by force of statute. In actions against the offending motorist, the party recovering judgment is entitled to costs by § 58.04 Fla. Stat., F.S.A. Under § 58.04, a successful litigant may recover costs "in all cases".
Is an arbitration proceeding a "case" as used in § 58.04, supra? Prior to this action there was no Florida decision on this question. However, cases construing the New York arbitration statute which is similar and in many instances identical with our statute have declared that a successful litigant in an arbitration proceeding is not entitled to costs as in an action at law.[2] The New York statute which permits the recovery of costs to a party in whose favor a judgment is rendered provides for such recovery "in the action".[3] In New York, an arbitration proceeding is not considered an "action" or even a "special proceeding".[4]
Does the use of the word "case" in the Florida statute provide recovery where the word "action" would not? In Black's Law Dictionary (4th ed. 1951) the word "case" is defined as "a general term for an action, cause, suit, or controversy at law or in equity; a question controverted before a court of justice." It is a judicial proceeding.
Arbitration under the Florida arbitration statute is not a case controverted before a court of justice, nor is it a judicial proceeding.
I am in complete agreement with the desires of the majority. Costs are in the nature of indemnification against the expense of successfully asserting a right in court. An insured should not recover less in an arbitration proceeding than that which he would recover in an action at law against the tortfeasor. Yet, the Legislature has not provided for costs in arbitration and courts are thus powerless to award them. I would affirm.
NOTES
[1] The costs as claimed by the plaintiff were itemized in paragraph two of the amended complaint, as follows:

"9/25/64 Photostatic copy of policy in question 1.20
"1965
-----
"1/12 Certificate as to title ownership 2.00
"2/2 Affidavit of No Insurance on Defendant vehicle 2.00
"3/23 Witness fee for first hearing Dr. Sanmartino 4.40
 Dr. Alper 3.30
 Dr. Mann 3.80 11.50
 ____
 "Service of above process 
 T.A. Buchanan 10.50
"5/26 Charo C. Skaggs, Transcript of
 testimony of Defendant 27.00
"5/2 Service of process of witness fee
 for deposition of defendant 6.20
"4/1 Certified copies of driver's license
 and registration 2.00
"5/27 Service of witness subpoena for
 second hearing (Drs. Sam, Alper,
 Mann and Cohen) 14.00 $76.40
 _____
 "Appearance of Doctors at Trial:
 "1st Hearing 2nd Hearing 3rd Hearing
 "3/25/65 6/10/65 6/16/65 
"Alper - 50.00 - 50.00
"Mann 50.00 100.00 150.00 300.00
"Sanmartino 50.00 - 125.00 175.00
"Cohen - 225.00 - 225.00
 ______
 $826.00

[2] Section 58.04 Fla. Stat., F.S.A. provides:

"In all cases the party recovering the judgment shall recover also all his legal costs and charges, which shall be included in the judgment; * * *"
[3] In determining the "court costs" to be allowed, the trial court should reject claimed cost items which appear as expenses of the arbitration proceeding. For example, those items in the list of claimed costs shown in footnote No. 1, consisting of documents relating to insurance or the policy of insurance, which necessarily or properly were incurred in the arbitration proceeding in which the insurer was a party, would not have been needed in an action against the tort feasor.
[1] Gullette v. Ochoa, Fla.App. 1958, 104 So.2d 799, 802.
[2] In re Reid v. Motor Vehicle Acc. Indem. Corp., 43 Misc.2d 1020, 252 N.Y.S.2d 733 (1964); Bernstein v. Perlmutter, Sup., 37 N.Y.S.2d 95 (1942).
[3] N.Y.Civil Practice Law and Rules § 8101.
[4] In re Reid v. Motor Vehicle Acc. Indem. Corp., supra, note 2; Bernstein v. Perlmutter, supra, note 2.