Michael Catalano, J.
Plaintiffs, Ronald Richter, individually (Ronald) and Kathy, his wife and ward (Kathy) seek an order pursuant to section 610 of the Insurance Law, directing the Motor Vehicle Accident Indemnification Corporation (MVAIC) to pay $16,185.70, the ‘ ‘ maximum allowable payment ” to them, with interest from January 29, 1969, being part of a judgment granted to them against defendant, a financially irresponsible motorist, in the amount of $17,685.70.
August 8, 1966, at 12:30 a.m., on Harlem Road, West Seneca, Hew York, plaintiffs were passengers in an automobile owned and operated by defendant, resulting in plaintiffs’ personal injuries. Plaintiffs were ‘1 qualified ’ ’ persons under section 601 of the Insurance Law as residents of this State. Plaintiffs filed notice of claim with MVAIC of their claim pursuant to section 608 of the Insurance Law.
April 3, 1967, plaintiffs sued defendant for damages based on their personal injuries, but defendant defaulted, notice thereof being given to MVAIC, which interposed an answer by the law firm of Schaus & Schaus, which appeared for defendant and MVAIC.
*376 January 29, 1969, the judgment for $17,685.70 was duly entered, consisting of $9,000 for Kathy, $2,500 for Ronald as husband, $6,000' for Ronald individually and $185.70 costs; and a copy thereof with notice of entry was served on Schaus & Schaus. No part has been paid.
One Thomas Kazmierczak (Thomas) was also a passenger in defendant’s automobile on. August 8, 1966, when it hit a telephone pole. Nationwide Insurance Company (Nationwide) had issued an automobile liability insurance policy to defendant three days prior to the accident, but it denied liability. Thomas owned an automobile insured with General Accident Fire & Life Assurance -Corporation (General) and so he was an “ insured ” person under section 601 of the Insurance Law.
Thomas, as an “ insured,” commenced an arbitration claim against General, pursuant to the New York Automobile Accident Indemnification Endorsement under subdivision 2-a of section 167 of the Insurance Law. Thomas also sued Nationwide for a declaratory judgment to determine the validity of said disclaimer.
New York Automobile Accident Indemnification Endorsement Conditions, 5, t‘ Limits of liability: ” provides :
11 (a) The limit of liability of the company for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident is $10,000 and subject to the above provisions, the total limit of liability of the company for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons, whether insured or qualified persons under the New York Motor Accident Indemnification Corporation Law, as the result of any one accident is $20,000.”
u (b) Any amount payable under the terms of this endorsement * * * shall be reduced by * * * (2) all sums paid to one or more insureds on account of bodily injury sustained in the same accident under any insurance or statutory benefit similar to that provided by this endorsement ’ ’.
General and MVAIC both are limited to a total liability of $20,000. Thus, the total recovery of all three claimants herein may not exceed $20,000, so that the recovery of each shall be reduced and prorated in proportion as the percentage of recovery of each bears to the total amount recovered by them multiplied into $20,000. This cannot be determined until the amount owed by General to the insured has been established.
Generally, insurance proceeds are distributed on a-first-come-first-served basis according to-the priority of judgment.
*377 When any diligent qualified person recovers a final judgment against a financially irresponsible motorist, as here, and any amount is unpaid and the time to appeal expired, he may petition the court, and “ upon ten days’ written notice to the corporation ’ ’ may apply for an order directing payment of such judgment not exceeding $20,000, exclusive of interest and costs involving more than one injured person in any one accident. (Insurance Law, § 610, subd. [b].)
Here, 10 days’ written notice served on the attorneys of record for MVAIC and upon MVAIC by mail is sufficient, particularly when MVAIC has appeared, answered and generally participated in the original trial and the present proceeding. Plaintiffs, as qualified persons, may recover their judgments totaling less than $20,000.
Also, Thomas, as an insured person, may recover damages against General which shall be liable to two or more injured persons “ whether insured or qualified persons ” in one accident up to $20,000. This claim of Thomas is being arbitrated with General and presently is not before this court.
Thus, when section 610 and subdivision 2-a of section 167 of the Insurance Law are read together, as indeed they must, being in pari materia, General and MVAIC are liable up to $20,000' plus interest and costs, when two or more insured or qualified persons are involved in one accident. (See Wasserman v. Glens Falls Ins. Co., 19 A D 2d 552.)
When two ‘1 qualified ’ ’ persons and one 1 ‘ insured ’ ’ person, as here, seek to recover damages for their personal injuries received in one automobile accident, many problems present themselves.
The “qualified” persons and the “insured” person must establish the amount of money owing to each, the latter through arbitration with his insurer, the former in a court action against the MVAIC. Arbitration usually takes 60 days, the action would take 14 months to be tried. This results in a procedural advantage to the insured person, but here, the two “ qualified ” persons have final judgments, specific in amounts; the ‘ ‘ insured ’ ’ person has, strangely enough, not yet received an award in arbitration.
Only $20,000 are available to the three claimants. Each claimant is limited to $10^000 thereof.
Kathy’s personal judgment of $9,000 should be paid. Ronald’s derivative judgment for medical specials and loss of services of $2,500, concerning Kathy, as wife, should be reduced to $1,000, then paid. These two claims total $10,000', the maximum payable for Kathy’s claims.
*378 Ronald’s personal judgment of $6,000 should be paid. It is less than $10,000, leaving $4,000 to pay Thomas’ claim for personal injuries, whatever that amount will be.
Contingencies exist here. First, Thomas’ claim against General should be liquidated, then paid by General. Second, General has agreed to pay all three claims, up to $20!,0Q0, but for the presence of MVAJC. Third, as between General and MVAIC no priority exists, per se, but the former will benefit by these payments to Kathy and Ronald. Fourth, General’s maximum liability to Thomas will be $4,000, instead of $10,000, because $16,000 will be paid to Kathy and Ronald. Fifth, if Thomas obtains- a declaratory judgment voiding Nationwide’s disclaimer, the latter may be liable to the three claimants up to its policy limits. Sixth, if MVAIC should be enjoined from paying Kathy and Ronald until the arbitration and declaratory judgment are finalized, interest would continue to run on all claims and these two claimants would be deprived of what they are entitled to now. Seventh, should not our public policy impose liability on the insurer before it be imposed upon MVAIC, when they are both obliged to pay the same claimants'?
These contingencies are obiter dicta, but they are stated lest it be charged that this court has overlooked them.
Motion is granted, without motion costs.