PER CURIAM.
Pedro Fernandez, Jr., a minor, was injured and a negligence suit was brought by his father against Metropolitan Dade County, Florida, Dennis LaRosa and Joseph Serrano.
A settlement was made by the plaintiffs with the defendant Metropolitan Dade County for One Thousand Dollars and plaintiffs agreed that they would not proceed with their suit or seek any damages against Dade County. A jury trial was held and a verdict for Five Hundred Fifty-four Dollars was returned against Serrano and LaRosa.
The defendant, LaRosa, on December 19, 1968, moved for a set-off, pursuant to Fla.Stat. § 54.28, now § 768.041, F.S.A. On December 23, 1968, the trial judge rendered a final judgment against these defendants for $554.00 with costs to be taxed. On January 21, 1969, costs of $209.75 were taxed against these defendants.
On January 31, 1969, the trial court entered an order granting the motion of the defendant LaRosa for a set-off. The order set off the $1,000 which the plaintiffs received from Metropolitan Dade County against the final judgment of $554.00 and the cost judgment of $209.75 and directed the Clerk of the Court to show a satisfaction of the judgment [both final and costs] in the public records.
The plaintiffs timely moved to set aside this order and after rehearing, the trial *321 court set aside the order of satisfaction dated January 31, 1969. The defendant, LaRosa, appeals from that order.
F.S.A. § 768.041(2) provides:
“(2) At any trial, if any defendant shall make it appear to the Court that the Plaintiff, or any person lawfully on this behalf, has delivered a release or covenant not to sue to any person, firm or corporation in partial satisfaction of the damages sued for, the Court shall, at the time of rendering judgment, set off such amount from the amount of any judgment to which the Plaintiff would he otherwise entitled and enter judgment accordingly.” [Emphasis added.']
Plaintiffs argue that the statute is discretionary and does not encompass or contemplate a set-off against the costs judgment.
The language of tne statute appears to be explicit in directing that the court “shall, at the time of rendering judgment, set off such amount from the amount of any judgment to which the plaintiff would be otherwise entitled. * * * ”
No provisions are included in the statute for excepting costs judgments from its set-off requirements.
In Rutkin v. State Farm Mutual Automobile Ins. Co., Fla.App.1967, 195 So.2d 221, it was said at p. 223, 224:
“The party recovering judgment in a law action is entitled to costs. The fact that in a jury trial the amount of costs is determined by the judge, while only the compensatory damages are stated by the jury and stated in its verdict, is not material because costs allowed by the court are entitled to be added to the amount of the jury verdict and included in the judgment.”
We hold, therefore, that the set-off provisions of the statute encompass costs judgments and that the trial court erred in its order setting aside the Order ‘of Satisfaction.
The order is reversed and the cause remanded with directions to reinstate the order of January 31, 1969, which provided for the statutory set-off and the satisfaction of the final judgment.
It is so ordered.