PER CURIAM.
Appellant, who was plaintiff in the trial court, seeks reversal of an order rendered by the Circuit Court of Gulf County which confirmed an arbitration award by which plaintiff recovered damages in the sum of $2,500.00 as the next friend of Patricia McNair for the wrongful death of the latter’s 22-month-old child. Appellee has cross-assigned as error that portion of the order appealed which awarded appellant certain specified costs incurred by him during the arbitration proceeding. The primary thrust of the appeal challenges the adequacy of the verdict in light of the circumstances established by the evidence.
In our review of the issues presented for decision we have given due consideration to the applicable principle that a final judgment or order of a trial court reaches the appellate court clothed with a presumption of correctness. Most, if not all, of the damages awarded plaintiff by the arbitrator were for pain and suffering experienced by the mother following the death of her infant child. It has been repeatedly held that this element of damage is impossible of accurate computation. Under the facts of this case it cannot be fairly said that the award of the arbitrator ignored the evidence, was arbitrary or capricious, was induced by prejudice or passion or some misconception of the law.[1] It is not the province of this court to substitute its judgment for that of the trier of the facts. These findings will not be disturbed in the absence of a clear showing *635 that the trial court committed error or that its conclusions are erroneous.[2]
On the basis of Rutkin v. State Farm Mutual Automobile Ins. Co.[3] we are impelled to reject the contention advanced by appellee in support of its cross-assignment of error.
The order appealed is affirmed.
WIGGINTON, Acting C. J., and RAWLS, and SPECTOR, JJ., concur.

. Radiant Oil Co. v. Herring (1941), 146 Fla. 154, 200 So. 376.

. Old Equity Life Insurance Company v. Levenson (Fla.App.1965), 177 So.2d 50; Stoller v. Jaffe (Fla.App.1961), 125 So.2d 310.

.Rutkin v. State Farm Mutual Automobile Ins. Co. (Fla.Api5.1967), 195 So.2d 221; Sellers v. Government Emxdoyees Insurance Company (Fla.App.196S), 214 So.2d 879.