MOORE v McDOWELL

1. EQUITY—CLAIMS—DILIGENCE—JUDGMENTS.

In a case where there are several claimants against a fund and there is no showing of a lack of diligence by any claimant, to permit the fund to be exhausted by those who first obtained judgments would deny equity to those who through no fault of their own have not yet reduced their claims to judgment.

2. INTERPLEADER—MOTOR VEHICLE ACCIDENT CLAIMS FUND—JUDGMENTS—DOUBLE LIABILITY—COURT RULE.

Interpleader was available to the Motor Vehicle Accident Claims Fund against all of the claims which arose from an automobile-bus collision whether or not the claims had been reduced to judgments because under the court rule interpleader will cover any situation where a plaintiff is, or may be, exposed to double or multiple liability (GCR 1963, 210).

3. EQUITY—EQUALITY.

Michigan courts have long recognized the efficacy of applying, under appropriate circumstances, the maxim "that equality is equity".

4. INTERPLEADER—EQUITY—DISTRIBUTION OF FUNDS—PRO RATA DISTRIBUTION.

The equitable nature of interpleader mandates the pro rata distribution of a fund among all claimants to it where they have been interpleaded and a likelihood arises that the total of all claims would exceed the total proceeds available in the fund.

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 April 4, 1974, at Detroit. (Docket No. 16863.) Decided August 13, 1974.

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur 2d, Equity §§ 154–156.
[2, 4] 27 Am Jur 2d, Equity §§ 26, 43.
[3] 27 Am Jur 2d, Equity § 125.

Complaint by Edward Moore and Edward Moore, Sr., against Lonzo L. McDowell for negligence. The Motor Vehicle Accident Claims Fund moved to interplead by cross-complaint other possible claimants, to enjoin litigation by them, and to pay the limit of its liability into court. Judgment in favor of the Motor Vehicle Accident Claims Fund. Plaintiffs appeal by leave granted. Reversed in part and remanded with instructions.

*Milan & Miller,* for plaintiffs.

*Gerald M. Lorence,* for defendants Glen Allen and Tom Barge.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for intervening defendant Michigan Department of State, Motor Vehicle Accident Claims Fund.

Before: BASHARA, P. J., and BRONSON and CARLAND,* JJ.

CARLAND, J. On May 26, 1970, an automobile driven by the defendant Lonzo L. McDowell, an uninsured motorist, collided with a DSR bus in the City of Detroit. Twenty-three of the 35 bus passengers suffered injuries and thus became possible claimants against the Motor Vehicle Accident Claims Fund, hereinafter referred to as "the Fund". On March 3, 1972, Edward Moore, a minor who was injured in the accident, and his father Edward Moore, Sr., commenced this action in the Wayne County Circuit Court. On September 29,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

1972, the Fund moved to interplead by cross-complaint other possible claimants and for an injunction against the maintenance of litigation or execution in other law suits by other possible claimants and offered to pay into court the $20,000 limit of the Fund's liability for damages resulting from any one accident under the Motor Vehicle Accident Claims Act, MCLA 257.1123; MSA 9.2823.

On December 22, 1971, the defendants-appellees Glen Allen and Tom Barge commenced law suits in the Common Pleas Court for the City of Detroit against Lonzo L. McDowell and the Fund. The action was later dismissed as to the Fund. These actions resulted in judgments in favor of Allen in the amount of $2,400 and in favor of Barge in the amount of $1,400. Thus Allen and Barge became judgment creditors. Both Allen and Barge filed answers in opposition to the Fund's motion to add parties defendant for the purpose of interpleading and for authority to deposit the $20,000 with the court and also opposed the granting of the injunctive relief sought.

On November 10, 1972, the trial judge in this action granted the Fund the relief sought. The court thereby ordered the Secretary of State to pay to the clerk the sum of $20,000 and further ordered the clerk to pay Allen and Barge the amount of their judgments plus $218.50 costs and attorney fees. The requested injunctive relief was granted and all possible claimants were restrained from pleading in any other case and ordered that their claims be submitted to an arbitrator to be appointed by the court.

On July 6, 1973, this Court granted plaintiffs leave to appeal from the trial court's order of November 10, 1972, and stayed the payment of the judgments of Allen and Barge.

It is the claim of the plaintiffs that where as in the case at bar all interested parties have been interpleaded and where the damage claims of a number of claimants could exceed the fund from which the claims are to be paid, that all claims filed against the Fund should be paid pro rata regardless of the fact that some claimants have already obtained judgments.

There is considerable legal authority which supports plaintiffs' contention where, as in the instant case, the liability insurer has filed an interpleader action against all claimants. To this effect we find both CJS and Am Jur in agreement:

"If more than one injured person recovers judgment against insured and insurer interpleads in equity, each person has been held entitled to receive a pro rata share in the payment due under the policy regardless of the time the actions were commenced or the judgments rendered." 46 CJS, Insurance, § 1191(9), p 126; 7 Am Jur 2d, Automobile Insurance, § 198, p 541.

These authorities together with the courts which have confronted this problem recognize the distinction that where no interpleader has been filed multiple claimants against an inadequate insurance fund are entitled to priority in their recoveries on the basis of when their judgments were docketed and there need be no prorationing with dilatory claimants. Thus in the cases relied upon by Allen and Barge where the equitable principles of interpleader were not involved the courts rejected prorationing, *Clarke v Brown,* 101 NJ Super 404; 244 A2d 514 (1968); *Goad v Fisher,* 255 Md 131; 257 A2d 433 (1969); *Richter v Vitale,* 59 Misc 2d 374; 299 NYS2d 293 (1969).

On the other hand, in the identical situation, except for the interpleader action by the insurer, the courts have held that the equitable nature of

the action should control and equity being equality, have prorated the claimants' recoveries. In *Century Indemnity Co v Kofsky,* 115 Conn 193; 161 A 101 (1932), the Court in prorating a fund held by the insurer between several claimants, stated on page 200; 161 A 103 as follows:

"While equity may not seize upon a controversy merely to apply the maxim that equality is equity, when it does have before it a proper proceeding in equity, it is free to apply that maxim. 'Under the limitation last stated, that the subject-matter properly belongs to the equitable jurisdiction, the following general principle may be regarded as firmly established and of wide application: Whenever several persons are all entitled to participate in a common fund, or are all creditors of a common debtor, equity will award a distribution of the fund, or a satisfaction of the claims, in accordance with the maxim, equality is equity; in other words, if the fund is not sufficient to discharge all claims upon it in full, or if the debtor is insolvent, equity will incline to regard all the demands as standing upon equal footing, and will decree a pro rata distribution or payment.' 1 Pomeroy's Equity Jurisprudence (4th ed), § 407. The plaintiff has submitted to the court in a proceeding in equity the question of its liability to pay to the various defendants the amounts due under the policy; justice requires that they share in equal proportions in the sums due under it on account of the particular kind of injuries suffered; and in the circumstances of this case that result can be accomplished without violating any legal principle."

The above-stated view has been followed in *Underwriters for Lloyds of London v Jones,* 261 SW2d 686, 688 (Ky, 1953); *Sheehan v Liberty Mutual Fire Insurance Co,* 288 Ala 137, 144; 258 So 2d 719, 724 (1972); *Burchfield v Bevans,* 242 F2d 239 (CA 10, 1957).

Throughout all of the cases wherein proration has been approved its opponents have argued for

priority on the basis that they have first filed claims, or first filed suits, or first obtained judgments. In effect, they have urged that courts follow the oft-stated principle of "First in time, first in right", and by so doing award the race only to the swift. However, where, as in the instant case, there is no showing of lack of diligence by any claimant to permit the fund to be exhausted by those who first reached the finishing line would deny equity to those who through no fault of their own have not yet reduced their claims to judgment. That some claims were first adjudicated may be the result of a variety of reasons; *i.e.* the happy choice of a forum whose docket is less crowded than others; the seriousness and extent of the injuries suffered thereby determining at what time the full extent of the claim may be asserted.

"A rule of priority dependent upon the time when actions are begun against the insured would be likely to lead to a race to begin such actions, with an added burden of litigation to parties and the courts and a tendency to prevent or render more difficult the settlement of claims. A rule of priority made dependent upon the time when judgments were rendered against the insured would often make controlling the adventitious circumstances attending litigation, often beyond the control or responsibility of the parties." *Century Indemnity Co, supra,* p 199; 161 A 103.

In this case interpleader was clearly available to the Fund against all claims whether or not reduced to judgment because GCR 1963, 210 broadened interpleader "to cover any situation where a plaintiff is, or may be, exposed to double or multiple liability", *City of Warren v Mac-Way Construction Co,* 20 Mich App 84, 98; 173 NW2d 767 (1969). Michigan courts have long recognized the efficacy of applying the maxim "that equality is equity"

under appropriate circumstances, *Hollister v Loud, Johnson & Higby,* 2 Mich 309, 314–315 (1852); *Ellis v Phillips,* 363 Mich 587, 598; 110 NW2d 772 (1961). Once properly invoked by the Secretary of State on September 28, 1972, interpleader's equitable principles mandated a pro rata distribution of the funds deposited in court despite the status of Allen and Barge as judgment creditors because equality is equity.

We find no merit to the claim of the appellants that they are entitled to recover because of the Secretary of State's negligence.

As to appellant's claim that the $20,000 per accident limitation for recoveries against the Fund unconstitutionally discriminates in favor of single claimants against multiple claimants, it is sufficient to say that their arguments do not overcome the presumed constitutional validity of the statute.

We further discern no error in the allowance of attorney fees and costs by the trial court. Such payment does not reduce the fund and the allowance is within the sound discretion of the court.

We reverse insofar as the trial court's judgment grants to Allen and Barge more than a pro rata share of the sum deposited in court and remand with direction that the sum so deposited to be distributed pro rata among all claimants.

No costs are awarded.

All concurred.