365 So.2d 780 (1978)
EAGLE STAR INSURANCE COMPANY, Appellant,
v.
Nannette PARKER and Melvin Parker, Appellees.
No. 77-73.
District Court of Appeal of Florida, Fourth District.
December 13, 1978.
Rehearing Denied January 23, 1979.
Amy Shield Levine of Adams, George, Lee, Schulte & Ward, P.A., Miami, for appellant.
Maurice Fixel of Meyer, Leben, Fixel & Cantor, P.A., Hollywood, and Greene & Cooper, P.A., Miami, for appellees.
POULTON, TIMOTHY P., Associate Judge.
At first blush, this is an innocuous little case. However, it becomes complicated as one tries to analyze it. Here is the history of the damages awarded and claimed:

Arbitration Award:
 Compensatory Derivative
 Wife $17,000 $ 3,000
 Husband 5,000 1,000
Final Judgment:
 Wife (Total Judgment: $10,000)
 Husband (Total Judgment: 8,000)
Result sought by appellant insurance company on
 this appeal:
 Wife $10,000 -0-
 Husband 5,000 -0-
Result sought by appellee/plaintiff on this appeal:
 Wife $17,000 $ 3,000
 Husband 5,000 1,000
Result which we reach:
 Wife $10,000 $ 3,000
 Husband 5,000 -0-

*781 The appellants purchased an uninsured motorist policy in New York. They were involved in an accident in Florida with an uninsured motorist and so made claim on the policy. The matter went to arbitration and then to final judgment based thereupon, with the results as indicated above.
The first issue for consideration is whether New York or Florida law applies. The plaintiffs urge that Florida law should apply so that "stacking" may come into play. On the authority of State-Wide Insurance Company v. Flaks, 233 So.2d 400 (Fla. 3d DCA 1970), the law of New York must apply.
The next issue for consideration is whether New York law allows derivative claims in a third-party action. We determine that it does. Richter v. Vitale, 59 Misc.2d 374, 299 N.Y.S.2d 293 (1969); Millington v. Southeastern Elevator Co., Inc., 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897, 36 A.L.R.3d 891 (1968).
Having decided that New York law governs and that derivative claims do exist in New York, the next question is whether the policy in question covers a derivative claim and, if so, what the limits of liability should be in this case.
There is one New York case cited in the briefs which is dead on point, and that is the Richter case, supra. The uninsured motorist provision in Richter is identical with the provisions in the policy in this case.[1] In Richter, the court states:
Kathy's personal judgment of $9,000 should be paid. Ronald's derivative judgment for medical specials and loss of services of $2,500, concerning Kathy, as wife, should be reduced to $1,000, then paid. These two claims total $10,000, the maximum payable for Kathy's claims. Ronald's personal judgment of $6,000 should be paid. (Id. at 299 N.Y.S.2d 297)
That brief statement makes it clear that in determining whether to place the $10,000 limit upon the recipient of dollars or upon the source of the injury creating the claim, New York follows the "source" theory. Thus it is that Richter is authority not only for the proposition that there is uninsured motorist coverage for such a derivative claim but also how to apply the policy limits. Applying the theory to the case at hand, we should award the wife $10,000 for her compensatory damages. In addition, she may recover on her $3,000 derivative claim because her husband's injuries were the source of that damage. The husband may recover his $5,000 compensatory damages. He may not recover on his $1,000 derivative claim, because the source of that claim has already exhausted the policy limit of $10,000.
The appellant has also argued that a New York statute requires a construction of the policy in question which would prohibit coverage for a derivative claim. We have examined article 7, section 167(2-a) and are of the view that the language therein would not bar a derivative claim. Concerning subsection three thereof, we agree with appellee's argument that the intent of that section was to guard against inter-spousal tort claims. Thus it would not apply to a typical third-party type derivative claim.
There is a separate issue raised upon appeal: whether one may recover the arbitration costs. There appear to be three Florida cases: Rutkin v. State Farm Mutual Automobile Insurance Co., 195 So.2d 221 (Fla. 3d DCA 1967), aff'd 199 So.2d 705 (1967); American Service Mutual Insurance Co. v. Wilson, 323 So.2d 645 (Fla. 3d DCA 1975); and McNair v. Continental Insurance Co., 245 So.2d 634 (Fla. 1st DCA 1971). Rutkin and McNair hold that the arbitration costs may be recovered. American Service Mutual Insurance Co. holds to the contrary. It seems to us that reasoning of Rutkin and McNair is the more persuasive, and we so hold.
*782 For the reasons previously stated, the cause is remanded to the trial court for the entry of an amended final judgment consistent with this opinion.
We cannot help but note  despite all of this  the total dollars awarded remain the same. Only the allocation has been changed.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] At page 7 of its reply brief, the appellant urges that the Richter policy and the policy in question provide uninsured motorist coverage for accidents occurring within New York; that the Richter accident happened in New York; that the accident in question occurred in Florida; that Richter is therefore distinguishable. We find that argument to be without merit.