FERGUSON, Judge.
In this appeal from a final judgment confirming an arbitration award of $4,000 rendered against it, Fidelity & Casualty Company of New York claims the trial court lacked jurisdiction to confirm the arbitration award and erred in taxing arbitration costs of $395.00 against Fidelity. We affirm. Because there is no requirement that a petition to confirm an arbitration award be filed within ninety days after receipt of the award, the trial court had jurisdiction. Travelers Insurance Co. v. Allen, 356 So.2d 1287 (Fla.3d DCA 1978), cert. denied, 364 So.2d 893 (Fla.1978). See, e. g., §§ 682.13, 682.14, Fla.Stat. (1979) (motion to vacate, modify or correct arbitration award must be filed within ninety days) (emphasis added).
We affirm also the award of arbitration costs on the authority of State Farm Mutual Automobile Insurance Co. v. Rutkin, 199 So.2d 705 (Fla.1967). See Government Employees Insurance Co. v. Lang, 387 So.2d 976 (Fla.2d DCA 1980); Eagle Star Insurance Co. v. Parker, 365 So.2d 780 (Fla.4th DCA 1978); McNair Continental Insurance Co., 245 So.2d 634 (Fla.lst DCA 1971). To the extent that our holding is inconsistent with American Service Mutual Insurance Co. v. Wilson, 323 So.2d 645 (Fla.3d DCA 1975), we recede from our holding in Wilson, supra.
Affirmed.