SHARP, Judge,
dissenting.
I dissent in this case because I think the trial court erred in interpreting the uninsured motorist provisions of the automobile insurance policy pursuant to Florida law rather than Ohio law. The issue in this ease was whether or not the uninsured motorist provisions of the policy included the underinsured motorist as well as the uninsured motorist. The language only expressly covered the uninsured motorist.
The policy was issued and written in Ohio while the appellee was a resident of that state. It was stipulated and agreed that in Ohio there was no required statutory coverage for underinsured motorists. The policy also contained a provision, which does not appear applicable to the issues in this case, that if the insured had an accident in another state, and under that state’s law a “nonresident” was required to carry liability insurance of a greater amount than the policy was written for, the limits would be automatically extended to meet those requirements. After the policy was issued to the insured in Ohio, he moved to Florida, commenced steps to become a resident of this state, and was injured in an accident here shortly after his arrival. The tortfeasor had “insufficient” insurance coverage.
The majority opinion concludes that ap-pellee should have the benefit of section *911 627.727, Florida Statutes (1973), which mandates coverage for underinsured motorists, based primarily on Gillen v. United Services Automobile Association, 300 So.2d 3 (Fla.1974). In Gillen, the Florida Supreme Court applied Florida law in construing insurance policies issued in New Hampshire to persons then residents of that state, who at the time of the accident, had become Florida residents. The issue in that case was whether or not an “other insurance” clause in the policy should be. given any legal effect, as it would have been in New Hampshire. The Court held that it was contrary to the public policy of Florida to enforce “other insurance” clauses.
Public policy requires this Court to assert Florida’s paramount interest in protecting its own from inequitable insurance arrangements.
300 So.2d at 7.
I question whether the uninsured versus underinsured motorist issue rises to the level of public policy mandating application of the Florida statute to an insurance policy issued in another state to a resident of that state. The statute as expressly written does not apply to this insurance policy.[1] In Eagle Star Insurance Co. v. Parker, 365 So.2d 780 (Fla. 4th DCA 1978), the court applied New York law to a New York uninsured motorist insurance policy when residents from that state were injured in Florida. Further, the fact that section 627.-727(1) expressly contemplates the possibility that an insured may elect against uninsured motorist coverage, indicates strongly that application of this statute is not mandated by the public policy of Florida.

. The language of section 627.727 indicates Florida’s underinsured motorist coverage applies only to liability insurance “delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state § 627.727(1), Fla. Stat. (1973).