LEHAN, Judge.
Publix Super Markets, Inc., and its insurer, Hartford Accident and Indemnity Company, defendants below, appeal from a final judgment awarding the plaintiff-appellee, Gussie Moton, taxable costs in the amount of $790.60. We reverse because appellants were entitled to a setoff against those taxable costs.
Appellee filed suit against Publix and original codefendants-joint tort-feasors Transeo Realty Trust and North River Insurance Company for injuries caused by the alleged negligent maintenance of a parking lot. Prior to trial, Transeo Realty Trust and North River Insurance Company entered into a settlement agreement with the appellee in the amount of $10,000. A jury trial was held, and the jury, in a special verdict form, determined that Publix and the appellee were comparatively negligent. The jury found 15 percent of the negligence attributable to Publix and 85 percent attributable to appellee. The total amount of damages awarded was $20,000.
*72 On May 24, 1982, Publix moved for a setoff pursuant to section 768.041(2), Florida Statutes (1981). The trial court entered a verdict in the amount of $3,000 (15 percent of $20,000) to appellee and determined that Publix was entitled to a setoff of $10,-000, the sum which the appellee had received from the original codefendants Tran-sco Realty Trust and North River Insurance Company. The trial court further ordered that appellee was entitled to taxable costs in the amount of $790.60 and determined that the taxable costs were not subject to the setoff provisions of section 768.041(2). The court entered judgment against Publix in the amount of the taxable costs.
Publix argues that it was entitled to a setoff against taxable costs pursuant to section 768.041(2), Florida Statutes. We agree.
Section 768.041(2), Florida Statutes (1981), provides:
At trial, if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.
The language of the statute is explicit in directing the court to set off the amount of the satisfaction, to wit, the settlement, from the judgments. No provision is included in the statute for excepting cost judgments from the statutory setoff requirement.
LaRosa v. Fernandez, 227 So.2d 320 (Fla. 3d DCA 1969), addressed the issue of whether the setoff provisions of section 768.041(2) encompass cost judgments. In LaRosa, the trial judge in a similar factual situation allowed a setoff against the final judgment and the cost judgment and directed the clerk of the court to show a satisfaction of the judgment in the public records. The trial court subsequently granted the plaintiff’s motion to set aside the order of satisfaction. The defendant took an appeal. In its analysis, the third district noted that no provision was included in the statute for excepting a cost judgment from the setoff requirement. The court cited its earlier decision in Rutkin v. State Farm Mutual Automobile Ins. Co., 195 So.2d 221 (Fla. 3d DCA 1967), which held:
The party recovering judgment in a law action is entitled to costs. The fact that in a jury trial the amount of costs is determined by the judge, while only the compensatory damages are assessed by a jury and stated in its verdict, is not material because costs allowed by the court are entitled to be added to the amount of the jury verdict and included in the judgment.
195 So.2d at 223-24. The court in LaRosa accordingly determined that the setoff provisions of section 768.041(2) encompass cost judgments and that the trial court erred in setting aside the order of satisfaction.
Applying the holding in LaRosa to the case sub judice, we find that the taxable costs allowed by the trial court should be added to the amount of the jury verdict and included in the judgment. By virtue of section 768.041(2), the amount of the settlement should then be set off from the amount of the judgment.
Accordingly, we reverse the final judgment of the trial court which disallowed a setoff against taxable costs.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
DANAHY, A.C.J., and SCHOONOVER, J., concur.