543 So.2d 388 (1989)
YOUNG MANUFACTURING, INC., Appellant,
v.
Robert BROOKS, d/b/a Hiz and Miz and Hiz and Miz Sportswear and Miz Tennis Creations, Inc., D/B/a Hiz and Miz and Hiz & Miz Sportswear, Appellees.
Robert BROOKS, d/b/a Hiz and Miz and Hiz and Miz Sportswear and Miz Tennis Creations, Inc., D/B/a Hiz and Miz and Hiz & Miz Sportswear, Appellants,
v.
YOUNG MANUFACTURING, INC., Appellee.
Nos. 88-2000, 88-2458.
District Court of Appeal of Florida, Third District.
May 16, 1989.
Brad I. Schandler, for appellant/appellee Young Mfg., Inc.
Fine, Jacobson, Schwartz, Nash, Block & England and Gary S. Brooks, for appellees/appellants Brooks.
Before BARKDULL and BASKIN, JJ., and JOSEPH P. McNULTY, Associate Judge.
PER CURIAM.
We conclude this day that the trial court erroneously miscalculated pre-judgment interest awarded to plaintiff/appellant, Young Manufacturing, Inc., in this breach of contract action. We reverse only that aspect of the appeal/cross-appeal herein.
In a joint and several final judgment entered after a non-jury trial on February 19, 1986, the trial court found that the total amount of damages suffered by Young because of the breach of contract was $7,169.85. The parties previously having stipulated that approximately four weeks prior to the entry of the judgment one co-defendant "settled" his obligation to Young in the premises for a payment of $5,000.00, the trial court reduced the total damages payable to Young by the amount of the settlement. Thereupon, judgment was entered for a net sum of $2,169.85 in damages due Young from the remaining defendants. The court also reserved jurisdiction to award pre-judgment interest, but in a post-judgment order the court denied such interest in any amount.
This court subsequently affirmed the judgment generally, but expressly reversed the denial of pre-judgment interest. Young Manufacturing, Inc. v. Brooks, 507 So.2d 722 (Fla. 3d DCA 1987). On remand, the trial court calculated pre-judgment interest only on the $2,169.85 remaining on the amount of damages found due, the net result of which was that no pre-judgment interest at all was awarded on the first $5,000.00 of the total damages due. This was error.
It is now settled that pre-judgment interest is to make the aggrieved plaintiff "whole" from the date of the loss which, in *389 the case of unliquidated damages, necessarily must contemplate the time value of monies due but unpaid until liquidated at trial. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Young's damages resulting from the breach of contract here, as found by the trial court, were $7,169.85. It was thus entitled, first, to interest on this amount from the date of the breach (August 13, 1979) to the date of the settlement with the co-defendant (January 23, 1986), which, as of that date, should have been added to the principal amount then due. The $5,000.00 settlement should then have been deducted from this new total and not only from the $7,169.85 principal, which was what was done by the judgment ultimately entered herein for $2,169.85. This ought not to be altered simply because the co-defendant settled for a part of the full amount due, nor because the settlement may have been credited in whole or in part to principle[1]; and we would agree with the Massachusetts Court that "a plaintiff ought not to receive a lesser judgment (i.e. damages, interest and costs) because one among multiple [defendants] has settled in good faith." Harvey Essex Bancorp, Inc., 25 Mass. App. Ct. 323, 517 N.E.2d 323 (1988). See also Boston Edison Co. v. Tritsch, 370 Mass. 260, 346 N.E.2d 901 (1976). This rationale, indeed, was indulged in by our sister court, in calculating costs, in Publix Super Markets, Inc. v. Moton, 433 So.2d 71 (Fla. 2d DCA 1983).
Secondly, Young is entitled to pre-judgment interest on the remaining amount due after the settlement, including both principal and interest then remaining unpaid, from and after the date of the settlement to the date of the judgment. Again, Young must be made "whole."
In view whereof, we reverse and remand for recalculation of pre-judgment interest in accordance with the foregoing. In all other respects, the order appealed and cross-appealed from is affirmed.
NOTES
[1] Though the final judgment has been affirmed generally as noted, and is thus the law of the case, the crediting of the settlement payment only to the principal amount of damages found due, as set forth in the final judgment, would not preclude an award of pre-judgment interest, of itself, to take into account and include all such interest payable so as to make Young "whole."