*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SECURA INSURANCE,

        Plaintiff-Appellant,

v

JESSICA BEATTY, Personal Representative of the
ESTATE OF RHONDA LYNN MAHAFFY,

        Defendant,

and

DEANNA STAMP, Personal Representative of the
ESTATE OF BRIAN STAMP,

        Defendant-Appellee.

UNPUBLISHED
January 18, 2024

No. 365518
Sanilac Circuit Court
LC No. 2020-038968-CZ

Before: CAVANAGH, P.J., and RICK and PATEL, JJ.

PER CURIAM.

In this interpleader action involving uninsured motorist benefits, plaintiff, Secura Insurance, appeals as of right the trial court's denial of its request for attorney fees and costs under MCR 3.603. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

In an earlier appeal, we summarized the underlying facts and procedural history in this matter:

> Brian Stamp and Rhonda Mahaffy died as a result of the injuries they sustained in a motor vehicle-motorcycle crash in August 2019. The at-fault driver of the motor vehicle was uninsured. Stamp was a named insured under a commercial motor vehicle policy that his family had obtained through Secura Insurance Company, which provided uninsured motorist (UM) coverage of $1

-1-

million, subject to setoff for other applicable coverage. Mahaffy is also considered an "insured" under the Secura policy.

In February 2020, Stamp's estate filed a complaint against Secura in Sanilac Circuit Court. It alleged that Secura was refusing to pay UM coverage as required by the policy and requested that the trial court determine and award damages as well as assess penalty interest under MCL 500.2006(4).[1] Secura moved for summary disposition, arguing that its liability was limited to $500,000 because it was entitled to offset the $500,000 in insurance proceeds paid by Progressive Marathon Insurance Company.[2] On December 17, 2020, the trial court issued an opinion and order agreeing with Secura that proration of the two policies was required. The court also ruled that there was a question of fact as to the amount of damages suffered by Stamp's estate and, absent settlement, that the question would be determined by a jury because Secura had filed a demand for a jury trial.

A few days later, on December 22, 2020, Secura filed the present interpleader action against Stamp's [estate] and [defendant, Jessica Beatty, personal representative of the estate of Rhonda Lynn Mahaffy]. Secura alleged that there would likely be multiple lawsuits relating to the UM coverage with aggregate losses exceeding the now $500,000 limit on UM coverage. Upon a motion by Mahaffy's estate, the prior action was consolidated with the interpleader action.

Mahaffy's estate then moved the trial court to equally divide the $500,000 between the estates. Stamp's estate opposed equal distribution of the funds, essentially arguing that it had suffered more damages because decedent Stamp had a 14-year-old dependent son while decedent Mahaffy had no dependents. Stamp's estate also maintained that each estate's damages should be determined by a jury. After hearing oral argument, the trial court agreed with Mahaffy's estate that a jury trial was not appropriate and relied on *Moore v McDowell*, 54 Mich App 657; 221 NW2d 446 (1974), to conclude that the insurance proceeds should be distributed equally between the estates.[3] . . . [*Secura Ins Co v Stamp*, 341 Mich App 574, 577-579; 991 NW2d 244 (2022).]

---

[2] At the time of the crash, Stamp also had UM coverage with Progressive. Progressive filed an interpleader action in the Lapeer Circuit Court, Case No. 20-53780-CZ, and the trial court in that case ordered Progressive's UM benefits to be

---

[1] MCL 500.2006(4) of the Uniform Trade Practices Act (UTPA), MCL 500.2001 *et seq*., states, in pertinent part:

If benefits are not paid on a timely basis, the benefits paid bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or a person directly entitled to benefits under the insured's insurance contract.

distributed equally between the two estates. Mahaffy's estate also received $100,000 in UM benefits from Rhonda's own no-fault policy.

[3] The trial court allowed the case to move forward regarding whether Secura owed Stamp's estate penalty fees under MCL 500.2006.

---

In the prior appeal, we concluded that the trial court erred by dividing the $500,000 insurance proceeds equally without holding a jury trial or evidentiary hearing to determine each estate's losses. *Secura Ins Co*, 341 Mich App at 587. We reversed the trial court's order, remanded the matter, ordered the trial court to "hold a jury trial to determine the damages arising from each decedent's death[,]" and "then order a pro rata distribution of the insurance funds . . . ." *Id*.

Following the completion of discovery, Secura requested that it be allowed to deposit the policy proceeds into an interest-bearing account held by the clerk of the court. At the motion hearing, Secura's counsel explained that it intended to move for a discharge of any liability once the funds were deposited, but conceded that there was a dispute whether Stamp's estate was entitled to penalty interest under MCL 500.2006. The trial court denied the motion, stating:

> This case is set for trial two months from now. A long time has gone on that this case has been pending and the funds, there has never been a motion at least, to interplead the funds. It further appears that there could be some, I don't mean nefarious I am not calling it nefarious, but there could—by interpleading the funds, several other issues may be raised that wouldn't necessarily have to be raised if the funds were not interpled. For example, rule 3.603(B)(3) says the Court may order the plaintiff be discharged from liability as to property deposited or secured before determining the rights of the claimants. Well, there is a dispute about whether that should be accomplished because the Plaintiff claims that it should have been paid within that 60 day period or whatever he would say so I think the simplest way is, after all of this time we will leave everything the way it is. Nothing to be interpleaded, the trial is set for November 17th, it can all be handled at that time.

Thereafter, the estates reached a settlement regarding the allocation of the policy's UM benefits.[2] But Secura maintained that it would not pay benefits to Stamp's estate unless the estate relinquished its claim to penalty interest under the UTPA. In November 2022, the trial court approved the estates' settlement and the proposed distribution of the wrongful death proceeds to the heirs of Mahaffy's estate.

Because Stamp's estate refused to waive its claim for penalty interest, Secura moved for summary disposition under MCR 2.116(C)(8) and (10). Secura also requested an award of its actual costs incurred in the interpleader action, under MCR 3.603(E), citing the estate's claim for penalty interest as an impediment to the resolution of the interpleader claim. In response, Stamp's

---

[2] Pursuant to the settlement, Mahaffy's estate would receive $150,000 and the remaining $350,000 was to be paid to Stamp's estate.

estate argued that it had stated a valid claim for penalty interest and material factual questions existed regarding when Secura received sufficient proof of loss to trigger its obligation to pay UM benefits to Stamp's estate, especially considering Secura's stance it would not make payment until Stamp's estate relinquished its penalty interest claim. Stamp's estate also argued that Secura's request for fees and costs under MCR 3.603(E) should be rejected because it was actively involved in the litigation of the claim for penalty interest and its expenses were incurred fighting the claim for penalty interest.

A hearing was held and the trial court denied Secura's motion, which included its request for an award of its actual costs incurred in connection with the interpleader action pursuant to MCR 3.603(E), "for the reasons set forth on the record." The trial court explained at the hearing:

> [B]y not being willing to pay the 350,000 that [Secura] know[s] [it] clearly owe[s] to Stamp at this point, [it is] essentially prolonging the claim for penalty interest. If [Secura] had . . . said we have been willing since December 29th of 2020 to pay the 500,000 we just didn't know who to pay it to, we filed a motion that August, the following August, saying we want to put it in an account and then came here today and said we have been trying to pay the 350, we are just waiting for them to file a motion to distribute the money the outcome may have been different at least when the penalty interest would have ended but I don't even believe I could grant a partial summary disposition motion at this point saying that penalty interest can only run through a certain date because Secura is not willing to pay it even as of today.

Secura moved for reconsideration, arguing in pertinent part, that an award of attorney fees and costs to Secura would be a sound exercise of the trial court's discretion under MCR 3.603(E) and common law because the claim for penalty interest lacked merit. The trial court denied plaintiff's motion, finding no palpable error under MCR 2.119(F)(3). This appeal followed.

## II. STANDARD OF REVIEW

Where the decision whether to award attorney fees is within the trial court's discretion, we review the decision for an abuse of discretion. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008); *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). We also review a trial court's ruling on a motion for reconsideration for an abuse of discretion. *Macomb County Dep't of Human Servs v Anderson*, 304 Mich App 750, 754; 849 NW2d 408 (2014). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Khouri*, 481 Mich at 526.

Additionally, "[w]e review interpretation of court rules de novo and under the same principles that govern the construction of statutes." *Dawley v Hall*, 501 Mich 166, 169; 905 NW2d 863 (2018) (cleaned up). "[T]he court rule is to be interpreted according to its plain language, giving each word and phrase its common, ordinary meaning." *Id*. (cleaned up). "[W]hen the language of the rule is unambiguous, it must be enforced as written." *Micheli v Mich Auto Ins Placement Facility*, 340 Mich App 360, 367; 986 NW2d 451 (2022) (cleaned up).

III. ANALYSIS

Secura argues that the trial court abused its discretion by denying Secura's request for an award of a reasonable attorney fee and costs under MCR 3.603(E) and by denying its motion for reconsideration. We disagree.

"The general rule in Michigan is that absent authorization by statute, court rule, or contract, attorney fees are not recoverable." *In re Temple Marital Trust*, 278 Mich App at 129. MCR 3.603(E) authorizes a trial court to award an interpleader plaintiff actual costs, which include a reasonable attorney fee:

> (E) Actual Costs. The court may award actual costs to an interpleader plaintiff. For the purposes of this rule, actual costs are those costs taxable in any civil action, and a reasonable attorney fee as determined by the trial court.
>
> (1) The court may order that the plaintiff's actual costs of filing the interpleader request, tendering the disputed property to the court, and participating in the case as a disinterested stakeholder be paid from the disputed property or by another party.
>
> (2) If the plaintiff incurs actual costs other than those described in subrule (1) due to another party's unreasonable litigation posture, the court may order that the other party pay those additional actual costs.
>
> (3) An award made pursuant to this rule may not include reimbursement for the actual costs of asserting the plaintiff's own claim to the disputed property, or of supporting or opposing another party's claim.

But MCR 3.603(E) does not mandate an award of fees and costs. Rather, the rule plainly states that a "court *may* award actual costs to an interpleader plaintiff." MCR 3.603(E) (emphasis added). "May" is a permissive term, indicating possibilities, not requirements. See, e.g., *In re Forfeiture of Bail Bond*, 496 Mich 320, 328; 852 NW2d 747 (2014). Thus, it is within a trial court's discretion to decline to made such an award.

First, Secura contends that the trial court abused its discretion when it abdicated its discretion by failing to indicate that it considered the merits of Secura's request for an award of a reasonable attorney fee and costs under MCR 3.603(E). We disagree. The record reflects that the trial court reviewed and took into account all of the arguments raised by Secura in support of its motion for summary disposition and in its motion for reconsideration. The mere refusal of the trial court to explicitly act on Secura's request for fees and costs was not an abuse of discretion. See *Kemerko Clawson, LLC v RXIV Inc*, 269 Mich App 347, 353; 711 NW2d 801 (2005) (holding that a trial court did not abdicate its discretion when it was under no affirmative obligation to exercise its discretion and did not mistakenly assume that it had no discretion to exercise). The trial court was not under an affirmative obligation to exercise the discretion afforded to it by MCR 3.603(E), and the record does not reflect that it mistakenly believed that it had no discretion to exercise.

Secura further argues that the Stamp estate's refusal to forego its claim for penalty interest delayed payment of the interpleaded UM benefits and thus should have weighed in favor of

awarding actual costs to Secura under MCR 3.603(E).[3] The trial court had the authority to order Stamp's estate to pay Secura's actual costs incurred in "filing the interpleader request, tendering the disputed property to the court, and participating in the case as a disinterested stakeholder . . . ." MCR 3.603(E)(1). Or, if the trial court determined that Secura incurred additional actual costs due to an "unreasonable litigation posture" taken by Stamp's estate, it could have ordered the estate to pay those additional costs. MCR 3.603(E)(2).

The record reflects that the trial court's analysis of the penalty interest issue applied to its consideration and denial of Secura's request for actual costs under MCR 3.603(E). Relying on *Nickola v MIC General Ins Co*, 500 Mich 115, 126-127; 894 NW2d 552 (2017), the trial court determined that Stamp pleaded a valid claim for penalty interest under MCL 500.2006(4) because Stamp was Secura's insured and thus whether the claim was "reasonably in dispute" was not an issue. The trial court found that there was a genuine issue of material fact regarding when Secura received satisfactory proof of loss from Stamp's estate and when it should have paid the estate's claim for UM benefits. In reaching its conclusion, the trial court necessarily rejected the notion that Stamp's estate took an "unreasonable litigation posture." MCR 3.603(E)(2). Instead, the trial court remarked that Secura's refusal to pay the UM benefits that it knew it owed to Stamp's estate "essentially prolong[ed] the claim for penalty interest." Additionally, the trial court indicated that it did not consider Secura a "disinterested party," stating: "Secura would have to take an active role regarding the second part of the trial[,] between Stamp and Secura [regarding the penalty interest]." We find that the trial court's denial of Secura's request for fees and costs under MCR 3.603(E) was not outside the range of reasonable and principled outcomes.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Michelle M. Rick
/s/ Sima G. Patel

---

[3] Because there is no binding precedent discussing a trial court's discretionary decision to award actual costs under MCR 3.603(E), Secura relies on nonbinding authority from other state and federal jurisdictions. We do not find any of the cases persuasive.