450 A.2d 736

Clifford C. KRAGER

v.

FOREMOST INSURANCE COMPANY

and

Chester County Mutual Insurance Company, Appellant.

Appeal of CHESTER COUNTY MUTUAL
INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued Feb. 3, 1981.

Filed Sept. 17, 1982.

Robert J. Smith, Montrose, on brief for appellant.

Sam W. Lewis, Scranton, on brief for Krager, appellee.

William E. Wyatt, Montrose, for Foremost, appellee.

Before WICKERSHAM, POPOVICH and WATKINS, JJ.

WATKINS, Judge:

This appeal stems from an action for a Declaratory Judgment in Susquehanna County. The action is really two separate law suits with a common plaintiff originating in an accident in which the plaintiff was involved. The defendants are insurance companies authorized to do business in Pennsylvania. The plaintiff, Clifford Krager, was involved in a motor vehicle collision with one Linda Blacheck. Linda and her husband sued Krager who gave each of the insurance companies notice of the action and demanded that they defend the claim. Each denied coverage and this suit was filed to recover the expenses of Krager in defending the action and to determine liability. The court below found coverage against the defendant Chester County Mutual Insurance Company and found no coverage in the case against Foremost Insurance Company.

The facts as agreed are as follows: This action was commenced by plaintiff with a complaint seeking declaratory judgments to which answers were filed by the defendants, Chester County Mutual Insurance Company and Foremost Insurance Company. The defendants were joined in one suit in accordance with *P.R.C.P. 2229.* The plaintiff then moved for summary judgment.

On about Thursday, August 2, 1979, Clifford Krager was operating a garden tractor owned by his mother, Matilda Krager, on Pennsylvania Legislative Route 57066 in Susquehanna County. Mr. Krager was allegedly involved in an accident with a motorcycle operated by Linda Blacheck. Mrs. Blacheck sustained injuries as a result of this accident.

Mr. and Mrs. Blacheck sued the plaintiff herein, who gave each of the defendant insurance companies notice of the action and demanded a defense of the claim. Both companies denied coverage relying upon the language of their respective policies.

The defendant Foremost had issued a mobile homeowner's liability insurance policy to the plaintiff Clifford Krager, but denies coverage on the ground that the operation of the garden tractor at the time of the accident was not incidental to the maintenance of his own mobile home premises in Broome County, New York. The defendant Chester County Mutual Insurance Company had issued a homeowner's liability insurance policy to the plaintiff's mother, Matilda Krager, but denies coverage on the ground that the plaintiff is not a "resident" of his mother's household and, therefore, does not come within the definition of an "insured" under the language of the policy.

The plaintiff, Clifford Krager, an adult, 54 years of age, owns a mobile home in Castle Creek, Broome County, New York, where he lives at least six months of the year. He holds a New York State operator's license entitling him to operate a motor vehicle. He is a registered voter of the State of New York and exercises his voting rights as a New York State resident. Krager lives at his New York mobile home from November to April each year, and from April to November with his mother at her summer home in Susquehanna County, Pennsylvania. At the time of the alleged accident, the plaintiff was staying with his mother at her Pennsylvania home.

The orders under review found that there is no coverage under the defendant Foremost's policy and that there is coverage under the defendant Chester County Mutual's policy.

The policy issued to Clifford Krager by Foremost Insurance Company on his mobile home in New York contained the following:

Liability provides protection against accidents that happen to somebody else, but that YOU are legally responsible for, subject to all policy terms and conditions.

We'll pay under Personal Liability Coverage for damages YOU become legally obligated to pay when the damages occur on YOUR mobile home premises or result from YOUR personal actions...

Liability doesn't provide payment for Personal Liability coverage and medical payments to others coverage doesn't pay for bodily injury or property damage ...

Arising out of the ownership, maintenance, use, loading, or unloading of:

> Any motor vehicle licensed or not for road use, on or off public roads except riding lawn mowers or equipment usual and incidental to the maintenance of YOUR mobile home premises.

The exclusion on Page 18 concerns itself with the exact situation which formed the basis for the original trespass action and clearly excludes coverage under Foremost Policy.

The policy issued by Chester County Mutual Insurance Co. to Matilda Krager, mother of Clifford Krager, on her dwelling at R.D. # 4, Susquehanna, PA provided the following:

> We will provide the insurance in this policy in return for the premium and compliance with all applicable provisions of this policy. Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household, and "we", "us" and "our" refer to the Company providing this insurance. In addition certain words and phrases are defined as follows: ...
>
> 3. "insured" means you and the following *residents* of you household:
>
> > a. your relatives.

The Courts of this Commonwealth have historically recognized the classical definitions of the words domocile and residence. Domicile being that place where a man has his true, fixed and permanent home and principal establish-

394

ment, and to which whenever he is absent he has the intention of returning.

Residence being a factual place of abode. Living in a particular place, requiring only physical presence.

Though the two words may be used in the same context, the word resident as used in the policy, without additional words of refinement, i.e., permanent, legal, etc., would carry the more transitory meaning.

The appellant having written the contract, any ambiguity in its terms will be construed against it. *Miller v. Prudential*, 239 Pa.Superior Ct. 467, 362 A.2d 1017 (1976).

Clifford Krager was clearly a resident relative of the insured and within the coverage of the policy issued by Chester County Mutual Insurance Company.

The orders as entered by the court below are affirmed.

POPOVICH, J., concurred in the result.