473 So.2d 235 (1985)
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, Appellant,
v.
Marie H. Robertazzi, As Personal Representative of the Estate of William John Robertazzi, Deceased, for the Benefit of the Decedents, Survivors and Estate, and Marie H. Robertazzi, Individually, Appellee.
No. 84-2132.
District Court of Appeal of Florida, Fourth District.
July 10, 1985.
Rehearing Denied August 19, 1985.
John McClure of Adams, Hunter, Angones & Adams, Miami, for appellant.
Michael Palahach of High, Stack, Lazenby, Palahach & Lacasa, Coral Gables, for appellee.
PER CURIAM.
We reverse the partial summary judgment entered in favor of Marie H. Robertazzi *236 and remand with instructions to enter final summary judgment in favor of New Jersey Manufacturers Insurance Company (NJI) per its motion.
The issue here is coverage and liability, as concerns a Florida automobile accident, under the terms of the Family Automobile Policy issued by NJI. The policy was issued in New Jersey to a New Jersey resident and the premiums were paid in New Jersey. NJI is a New Jersey corporation not licensed to do business in Florida.
The trial court construed and interpreted the terms of the policy under Florida law predicated upon the Florida Supreme Court case of Bishop v. Florida Specialty Paint Company, 389 So.2d 999 (Fla. 1980). In Bishop our Supreme Court retreated from prior rulings applying the rule of lex loci delecti and substituted the "most significant relationship test" with reference to tort claims for personal injury. However, as noted in the footnote to Jemco, Inc. v. United Parcel Service, Inc., 400 So.2d 499 (Fla. 3d DCA 1981), pet. for rev. den. 412 So.2d 466 (Fla. 1982), the substitution in Bishop applied only to torts and did not apply to contracts. We therefore believe the law of New Jersey should have been employed under the rule of lex loci contractus. Andrews v. Continental Insurance Company, 444 So.2d 479 (Fla. 5th DCA) pet. for rev. den. 451 So.2d 847 (Fla. 1984), and Jemco, supra. See also Eagle Star Insurance Company v. Parker, 365 So.2d 780 (Fla. 4th DCA 1978).
Under the terms of the policy, according to New Jersey law, there is no coverage or liability in favor of Marie H. Robertazzi in any of her capacities. It is undisputed that the operator of the vehicle in question did not have the owner's consent, and she was driving contrary to the express instructions of the owner. Thus, according to New Jersey law, this is fatal to any claim of agency between the owner and operator, agency being necessary as a predicate for establishing the owner's liability. Harvey v. Craw, 264 A.2d 448 (N.J. Super.Ct.App.Div. 1970).
Reversed and remanded with instructions.
HERSEY, C.J., and LETTS and WALDEN, JJ., concur.