504 So.2d 776 (1987)
Timothy and Karen SHEEHAN, Appellants/Cross Appellees,
v.
LUMBERMENS MUTUAL CASUALTY COMPANY, Appellee/Cross Appellant, and Nancy L. Feldman and Margaret M. Salvatore, Appellees.
No. 85-2484.
District Court of Appeal of Florida, Fourth District.
January 7, 1987.
On Motion for Clarification April 22, 1987.
David C. Wiitala of Ingalsbe, McManus, Wiitala & Contole, P.A., North Palm Beach, for appellants/cross appellees.
Joan S. Buckley and Douglas H. Stein of Walton Lantaff Schroeder & Carson, Miami, for appellee/cross appellant-Lumbermens Mut. Cas. Co.
GLICKSTEIN, Judge.
This appeal and cross appeal arise out of litigation over insurance coverage questions. We affirm the trial court's ultimate result although we disagree as to some of its conclusions.
We shall emphasize only those facts which are relevant to the issues we deem to be dispositive.
Lumbermens Mutual Casualty Company issued a personal catastrophe liability policy to Lawrence Feldman, a resident of Pennsylvania. The policy was issued and delivered to Mr. Feldman in Pennsylvania. *777 Pursuant to the pertinent terms of the policy, Lumbermens agreed to insure: (a) the named insured, Mr. Lawrence Feldman, and his spouse, if that spouse resided in the same home as Mr. Feldman; and (b) a "family member." The term "family member" is defined in the policy as "a person related to [the named insured and his spouse] by blood, marriage or adoption who resides in [the named insured's] home."
On August 28, 1983, Mr. Feldman's daughter, Nancy Feldman, was involved in an automobile accident with appellant Timothy Sheehan in Palm Beach County, Florida. Ms. Feldman was in her senior year at Florida Atlantic University (F.A.U.) at the time, having applied to enroll at F.A.U. in May of 1982. As part of the application process, she had signed a sworn statement that she had been a Florida resident since December 2, 1980, to obtain the tuition rate applicable to Florida residents, which was one-third per hour of the rate charged students who were not residents of Florida.
The vehicle Ms. Feldman was driving at the time of the accident was owned by Margaret Salvatore and was insured by State Farm Mutual Automobile Insurance Company, with liability coverage limits of $100,000/300,000.
Appellants sued Ms. Feldman and the vehicle's owner. Mr. Feldman filed a third party complaint for breach of contract and for declaratory relief against Lumbermens. In its answer and affirmative defenses Lumbermens first asserted that Ms. Feldman was not a "covered person" under her father's policy because she was not a resident of his home at the time of the accident. It also claimed that Ms. Feldman was excluded from coverage under Mr. Feldman's policy because at the time of the subject accident Nancy was operating an automobile which was not owned by the named insured, but which was furnished to Ms. Feldman for her regular use, which point we feel unnecessary to address. Lumbermens counterclaimed against Mr. Feldman and cross claimed against the appellants for a declaratory judgment based on the above-cited coverage defenses.
In their answers to Lumbermens' counter and cross claims for declaratory relief, the Sheehans and Ms. Feldman alleged that Lumbermens had waived the right to rely on its coverage defenses by its alleged failure to comply with section 627.426(2), Florida Statutes (1983). Lumbermens replied that section 627.426(2) did not apply because Lumbermens' policy was neither issued for delivery nor delivered in the State of Florida, but rather was issued and delivered in Pennsylvania to a Pennsylvania resident. It also argued that Pennsylvania substantive law should govern the declaratory judgment action; therefore section 627.426(2) did not apply.
Lumbermens and the Sheehans filed cross motions for summary judgment on the issues whether section 627.426(2) applied to the case and whether Pennsylvania or Florida law would govern the declaratory judgment action. In its partial final summary judgment, the court ruled that "the provisions of Fla. Stat. 627.426 (1982) do apply to this case." However, in an "Order on Motion for Clarification," issued that same date, the court also ruled that "Pennsylvania substantive law applies to the coverage action."
Lumbermens made a second motion for partial summary judgment as to the applicability of section 627.426(2), noting that the trial court had ruled that both Pennsylvania substantive law and the provisions of section 627.426(2) apply to this case, Lumbermens argued that the court had implicitly ruled that section 627.426(2) is not substantive, but is instead a law of practice and procedure, and as such would be unconstitutional. The trial court denied this motion.
The trial court ruled that the policy in question did not provide coverage to Ms. Feldman, based primarily on the court's finding that she did not reside in her father's home at the time of the accident. It reaffirmed its prior ruling that Pennsylvania substantive law applied, and held that according to Pennsylvania law "physical presence is determinative of whether a person resides in the named insured's household." Thus, "[b]ecause Ms. Feldman resided *778 in Florida on the date of the accident and not in her father's home in Pennsylvania, she was not a resident of her father's household and thus was not a `covered person' under her father's policy."
It also held that section 627.426(2), Florida Statutes (1983), is constitutional, and that Lumbermens "complied with the substantive requirements of the statute in a timely fashion on all asserted defenses." The court also noted parenthetically that "F.S. 627.426 was satisfied because at all material times Ms. Feldman was represented by counsel and not prejudiced in any reasonable manner."
The first issue is whether the trial court erred in applying section 627.426(2) in that the insurance contract in question was neither issued for delivery nor delivered in Florida. We conclude it did.
Section 627.401, Florida Statutes (1983), provides, in part:
627.401 Scope of this part  No provision of this part of this chapter applies to:
... .
(2) Policies or contracts not issued for delivery in this state nor delivered in this state, except as otherwise provided in this code.
Appellants do not contend that the contract was either issued for delivery or delivered in Florida, but argue that section 627.726 fits within the "except as otherwise provided" language of Section 627.401(2). Section 627.726, Florida Statutes (1983), states:
All contracts of casualty insurance covering subjects resident, located, or to be performed in this state shall be subject to the applicable provisions of part II of this chapter and to the other applicable provisions of this code.
The trial court found that since Ms. Feldman was located in Florida at the time of the accident, section 627.726 was controlling, making section 627.426 dealing with claims administration applicable in the present case. We disagree.
Section 627.726 says that all contracts of casualty insurance covering subjects residing, located or to be performed in Florida shall be subject to the applicable provisions of Part II. One of the provisions of Part II is section 627.401(2), which limits the applicability of that section to policies issued for delivery or delivered in the state. Because appellants make no contention that the policy in question was issued for delivery in the state or delivered in the state or even that Lumbermens had reason to know that Ms. Feldman was going to school in Florida, Brooks v. Sturiano, 497 So.2d 976 (Fla. 4th DCA 1986) controls. In that case we said:
In Gillen v. United Services Automobile Association, 300 So.2d 3 (Fla. 1974), the Florida Supreme Court declined to adopt Restatement (Second) of Conflict of Laws § 188 (1969)  the significant relationship test as applied to contracts. In determining which state's law applied to an automobile liability policy, this court in New Jersey Manufacturers Insurance Co. v. Robertazzi, 473 So.2d 235 (Fla. 4th DCA 1985), rev. denied, 484 So.2d 9 (Fla. 1986), refused to substitute the most significant relationship test with the traditional lex loci contractus rule, noting that the substitution in Bishop applied only to torts, and not to contracts. See Jemco, Inc. v. United Parcel Service, Inc., 400 So.2d 499 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 466 (Fla. 1982); Eagle Star Insurance Co. v. Parker, 365 So.2d 780 (Fla. 4th DCA 1978); State-Wide Insurance Co. v. Flaks, 233 So.2d 400 (Fla. 3d DCA), cert. dismissed, 238 So.2d 427 (Fla. 1970).
We must therefore reverse the trial court's ruling that the appellee could recover under the policy. Despite the significant contacts present between Florida and this insurance contract, New Jersey Manufacturers requires application of the law of New York, where the contract was made.
Id. at 978. Nevertheless, we certify the same question here as we did in Brooks, recognizing that neither the parties nor the trial court had the benefit of this court's decision therein.
*779 The second issue is whether the trial court erred in concluding Ms. Feldman was not a "covered person" because she was not residing in her father's home at the time of the accident.
The insurance contract contained the following definitions:
"You" and "your" mean the person named in the declarations and that person's spouse if residing in the same home.
"Covered person" means:
(a) You;
(b) a family member;
(c) a person using an auto or watercraft you own with your permission.
... .
"Family member" means a person related to you by blood, marriage or adoption who resides in your home. (Emphasis added)
In Krager v. Foremost Insurance Company, 304 Pa.Super. 390, 450 A.2d 736 (1981), the policy in question stated "`insured' means you and the following residents of your household: a. your relatives." In finding that there was coverage under the policy, the court stated:
The Courts of this Commonwealth have historically recognized the classical definitions of the words domicile and residence. Domicile being that place where a man has his true, fixed and permanent home and principal establishment, and to which whenever he is absent he as the intention of returning.
Residence being a factual place of abode. Living in a particular place, requiring only physical presence.
Though the two words may be used in the same context, the word resident as used in the policy, without additional words of refinement, i.e., permanent, legal, etc., would carry the more transitory meaning.
Id. at 737-38.
Although it should be noted that in Krager the court did construe the policy to find coverage for the insured and the court in that case stated that any ambiguity in a policy will be construed against the insurer as writer of the contract, Krager is controlling in the present case. Contrary to appellants' contentions, the courts in Pennsylvania have recognized a distinction between residence and domicile in the context of insurance cases. See Krager. In Boswell v. South Carolina Insurance Company, 353 Pa.Super. 108, 509 A.2d 358, 362 (1986), the court stated:
Domicile is "the place where a person has his true, fixed, permanent home and principal establishment." McKenna v. McKenna, 280 Pa.Super. 45, 422 A.2d 668, 669 (1980). Even if the person cannot state an intention to abide in that place permanently, "the domicile of a person is the place where he has voluntarily fixed his habitation with a present intent to make it either his permanent home or his home for the indefinite future." In re Estate of McKinley, 461 Pa. 731, 337 A.2d 851, 853 (1975). The distinction is that while residence is a physical fact, domicile is a matter of intention. Laird v. Laird, 279 Pa.Super. 517, 421 A.2d 319, 321 (1980).
There is no question that the trial court was very concerned with Ms. Feldman's affidavit, attesting she was a resident and domiciliary of Florida. The final judgment recited:
Furthermore, in applying for in-state tuition at Florida Atlantic University and prior to this accident, Ms. Feldman made a declaration under oath that she was a Florida resident. The court is not convinced by Ms. Feldman's trial testimony that she was lying to Florida Atlantic University in order to receive cheaper tuition and that she never intended to change her residence and domicile from Pennsylvania to Florida. Her statement is self-serving and unworthy of belief. Her previous action in making a sworn statement and repeatedly receiving the in-state tuition rate are explanatory of her true intent.
The trial court was entitled to make such finding as the trier of fact. State of Delaware ex rel. Gebelein v. Belin, 456 So.2d 1237, 1241 (Fla. 1st DCA 1984).
*780 Our scope of review is described in two Florida cases concerned with the same question as that present here. See Sutherland v. Glen Falls Insurance Company, 493 So.2d 87 (Fla. 4th DCA 1986) and General Guaranty Insurance Company v. Broxsie, 239 So.2d 595, 597 (Fla. 1st DCA 1970), both of which said on review that the trier of fact could have lawfully found in favor of the particular party. In those affirmed cases the fact finder made a different judgment call than the trial court here.
We deem it unnecessary to discuss the other issues raised because of the conclusions we have reached.
LETTS and STONE, JJ., concur.

ON MOTION FOR CLARIFICATION
GLICKSTEIN, Judge.
We delete from our opinion certification of the same question certified in Brooks v. Sturiano, 497 So.2d 976 (Fla. 4th DCA 1986). Our reason for doing so is that our ruling upon the first issue renders section 627.426(2), Florida Statutes (1983) inapplicable whether Florida or Pennsylvania law is applied.
We take this opportunity to mention an additional point  not related to our withdrawal of certification  which was discussed in the motion for clarification filed by appellee/cross appellant and perhaps should have been discussed in our opinion.
Exclusion "C" of the subject policy provides, in part:
This policy does not apply to: ... .
(C) an auto or watercraft owned by a family member or furnished for his regular use.
In the present case it was admitted that the vehicle operated by Ms. Feldman was furnished for her regular use, providing yet another basis for affirmance of the trial court's ultimate result, albeit it, the trial court was presented this point but chose not to rule upon it. Similar provisions have been upheld in Florida and Pennsylvania. See South Carolina v. Heuer, 402 So.2d 480 (Fla. 4th DCA 1981) and Carr v. Home Indemnity Company, 404 Pa. 27, 170 A.2d 588 (1961).
LETTS and STONE, JJ., concur.