## Henninger v. Allstate Insurance Co.

*Ronald R. Pellish,* for plaintiff.
*John E. Freund III,* for defendant.

RUBRIGHT, *J.* August 24, 1990 — Plaintiff commenced this action against defendant seeking underinsured motorist benefits. His claim arises out of an accident which occurred on November 30, 1986, when he was struck by an automobile operated by Robert J. Kendricks. As a result of the accident, plaintiff suffered bodily injury, and Travelers Insurance Company, Kendricks' insurer, paid the $50,000 policy limit as well as first-party medical and wage-loss benefits to plaintiff. It has been stipulated by

counsel that, if this court determines that plaintiff is covered under defendant's policy, the damages would equal or exceed $15,000, which is the amount of underinsured benefits available under the policy.

Plaintiff claims that he is an insured under an Allstate policy issued to his parents, Harold and Marie Henninger. Defendant has denied coverage on the basis that plaintiff does not reside with his parents and is not, therefore, an insured under the policy. A non-jury trial was held on August 8, 1990, at which time the court heard evidence on the issue of plaintiff's residence at the relevant time.

At trial, it was established that plaintiff's parents, Harold and Marie Henninger, reside at 616 West South Street, Mahanoy City, Pennsylvania. On April 4, 1986, plaintiff and his fiance purchased a house located at 607 West Penn Street, Shenandoah, Pa. Shortly after settlement on that property, plaintiff had a telephone installed and changed his mailing address to the West Penn Street address. At that time, plaintiff did not intend to move into the Shenandoah home until after his wedding which was set for April 1987. The house was fully furnished when it was purchased but was in need of painting and minor repairs. After plaintiff and his fiance purchased the house, plaintiff occasionally slept there if he was working late, either in the house or at his employment. All of plaintiff's clothing and other personal property remained in Mahanoy City until after plaintiff's release from the hospital when he moved to Shenandoah due to his immobility.

Plaintiff admitted that after he was struck by Kendricks, he gave the investigating police officer and the hospital emergency room personnel the West Penn Street address. His reason for doing so was never explored.

Carl Meckert, a claims representative for Allstate, testified as to telephone conversations he had with plaintiff and his parents during his investigation of plaintiff's claim. He stated that when he spoke with plaintiff's mother on January 16, 1987, she stated that plaintiff had purchased a home and was living there at the time of the accident. Plaintiff's mother denied any recollection of that conversation. Mr. Meckert spoke with plaintiff on January 29, 1987, and was told that, at the time of the accident, he was in the process of moving to Shenandoah but divided his time between Shenandoah and Mahanoy City almost equally. Finally, Mr. Meckert spoke with plaintiff's father on February 3, 1987. He was told that, at the time of the accident, plaintiff stayed in Mahanoy City during the week but usually stayed in Shenandoah on weekends. Plaintiff's father testified that he had told Mr. Meckert that plaintiff lived in Mahanoy City but worked on the Shenandoah house on weekends.

The insurance policy issued to plaintiff's parents provides in Part II - Uninsured and Underinsured Motorists Insurance, as follows:

*"Persons Insured —*

"(1) *You* and any relative who *resides* in your household,

"(2) Any person while occupying *your* insured auto, and

"(3) Any other person who is legally entitled to recover because of bodily injury to *you,* a relative who resides in *your* household, or an occupant of *your* insured auto."

Therefore, in order to be entitled to underinsured motorists coverage, plaintiff must have been residing in his parents' household at the time of the accident. "Resident" or "reside" is defined in the

insurance policy as "the physical presence in your household with the intention to continue living there."

In *Krager v. Foremost Insurance Company,* 304 Pa. Super. 390, 450 A.2d 736 (1982), the Superior Court wrote as follows:

"The courts of this Commonwealth have historically recognized the classical definitions of the words domicile and residence. Domicile being that place where a man has his true, fixed and permanent home and principal establishment, and to which whenever he is absent he has the intention of returning.

"Residence being a factual place of abode. Living in a particular place, requiring only physical presence.

"Though the two words may be used in the same context, the word resident as used in the policy, without additional words of refinement, i.e. permanent, legal, etc. would carry the more transitory meaning." 304 Pa. Super at 393-4, 450 A.2d at 738. The definitions of residence and domicile enunciated in *Krager* were again relied upon in the context of liability insurance in *Amica Mutual Insurance Company v. Donegal Mutual Insurance Company,* 376 Pa. Super. 109, 545 A.2d 343 (1988).

Having evaluated the evidence presented at the trial in light of the recognized definition of residence in cases involving liability insurance, we conclude that plaintiff did reside in his parents' household at the time of the accident. Although he may have intended to move to Shenandoah in April 1987, and occasionally slept at the Shenandoah house before the accident, the evidence establishes that his physical presence or "residence" was at his parents' home in Mahanoy City at the time of the accident. It was at their home that he kept his belongings, ate

most of his evening meals, and slept the majority of the time. The fact that plaintiff intended to reside in Shenandoah some four months later is not pertinent to the issue of his residence at the time of the accident. See *Amica Mutual Insurance Company v. Donegal Mutual Insurance Company, supra.*

Having concluded that plaintiff resided in the named insured's household at the time of the accident, the court enters the following

### ORDER OF COURT

And now, August 24, 1990, upon careful consideration of the evidence presented at non-jury trial, the court finds that plaintiff is entitled to underinsured motorists coverage under policy no. 0 08 290367 issued by defendant and it is hereby ordered that judgment shall be entered in favor of plaintiff and against defendant.