J-A30014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL AND CATHLEEN GRIX, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF NAOMI GRIX, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 312 MDA 2019 |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY | : : : | |

Appeal from the Order Entered December 26, 2018
In the Court of Common Pleas of Juniata County Civil Division at No(s):
2016-00346

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 10, 2020**

Appellants, Daniel and Cathleen Grix, appeal from the December 26, 2018 Order granting the Motion for Summary Judgment filed by Appellee, Progressive Specialty Insurance Company, in this declaratory judgment action. After careful review, we affirm.

The facts and procedural history are as follows. On December 13, 2015, Appellants' daughter, Naomi, died in a motor vehicle accident. At the time of the accident, Naomi was a passenger in a vehicle owned by Appellants and insured by a policy issued by Appellee (the "Policy"). Appellee insured five vehicles owned by Appellants and Appellants' Policy carried stacked limits of

_____

* Retired Senior Judge assigned to the Superior Court.

underinsured motorist ("UIM") coverage of $250,000 each person/$500,000 each accident. Appellants sought stacked UIM benefits from Appellee arising from the accident.

Appellee denied Appellants' claim for stacked benefits asserting that Naomi, who had signed a lease at another address approximately six weeks prior to her death, was not a "resident" of Appellants' household.[1]

On January 19, 2017, Appellants filed a Complaint in Declaratory Judgment against Appellee.[2] Appellants alleged in the Complaint, *inter alia*, that, at the time of the accident, Naomi resided with Appellants at 779 Texas Hollow Road, Mifflintown, Pennsylvania.[3] They further alleged that they had

---

[1] Appellee paid $250,000 in UIM benefits, but refused Appellants' stacked benefits claim.

[2] Appellants also named as defendants Sausman Insurance Agency, Inc. On February 27, 2017, the parties stipulated to Sausman Insurance Agency, Inc.'s dismissal, and on March 8, 2017, the court dismissed it as a party.

[3] By way of support for the claim that Naomi was a resident of Appellants' address, Appellants averred that: (1) Naomi's driver's license listed the Texas Hollow Road address as her home address; (2) she gave her employer the Texas Hollow Road address as her home address; (2) she had napped at the Texas Hollow Road address at times leading up to the accident; (4) she had visited the Texas Hollow Road address in the days leading up to the accident; (5) she ate meals at the Texas Hollow Road address in the days leading up to the accident; (6) Appellants registered the vehicle involved in the fatal accident to the Texas Hollow Road address; (7) Appellants provided financial support to Naomi in the period leading up to the accident; (8) educational institutions had the Texas Hollow Road address as Naomi's home address; (9) Naomi had clothes, a toothbrush, art supplies, a guitar, a bed, and a room, and received mail at Appellants' Texas Hollow Road address; (10) Appellants declared Naomi as a dependent on their tax returns at all times prior to the accident; (11) Naomi listed the Texas Hollow Road address as her home

- 2 -

listed Naomi as a "household resident" on their insurance policy declaration sheet.[4] Appellants asserted that Naomi was "residing in the same household" as her parents and was an "insured person" under the Policy.[5] They concluded, therefore, that, as a "resident relative"[6] Naomi was entitled to stacked benefits under the policy.

_____

address on all tax returns at all times prior to the accident; (12) the police report of the accident lists the Texas Hollow Road address as Naomi's address at the time of her death; (13) Naomi's death certificate lists the Texas Hollow Road address as her residence at the time of her death; and (14) Naomi did laundry and cooked food at the Texas Hollow Road address.

[4] Appellants added Naomi to the Policy in June 2015, listing her as one of the "Drivers and household residents" on the Policy's Declarations Page, and paid a $391 premium to do so. Although the Policy required Appellants to notify Appellee of any change in status of residence within 30 days, Appellants did not notify Appellee of Naomi's change in residence when Naomi moved out of their house or remove Naomi from the Policy until after her death.

[5] With respect to UIM coverage, the Policy provides that an "insured person" is:
> a. you, a relative, or a rated resident;
>
> b. any person while operating a covered auto with the permission of you, a resident, or a related resident;
>
> c. any person occupying, but not operating, a covered auto; and
>
> d. any person who is entitled to recover damages covered by this Part III because of bodily injury sustained by a person described in a., b. or c. above.

Policy, 2/26/15, at 12.

[6] The Policy defines "**relative**" as:

On February 6, 2017, Appellee filed an Answer to the Complaint and New Matter denying that Appellants were entitled to stacked benefits because Naomi was not a "resident relative" of Appellants at the time of her death.[7] Rather, Appellee claimed that, on October 30, 2015, Naomi had signed a one-year lease agreement to rent the premises at 78 East Main Street, Thompsontown, PA with roommates, Seth Whitesel and Taryn Stouffer.[8] Appellee further claimed that: (1) Naomi moved into the East Main Street address on November 1, 2015; (2) had made rental payments on the East Main Street address prior to her death; (3) had kept clothing, jewelry, a toothbrush, art supplies, and a laptop computer at the premises; (4) had shared in the cost of furniture she had purchased with Whitesel; (5) had shared a bed and bedroom with Whitesel; (6) Naomi had not slept anywhere

a. **a person residing in the same household as you**, **and related to you by blood**, marriage or adoption, and includes a ward, stepchild, or foster child;

b. a minor child in the custody of:

(i) you; or

(ii) a person residing in your household who is related to you; or

c. your unmarried dependent child temporarily away from home will qualify as a relative if they intend to continue to reside in your household.

Policy, 12/26/15, at 2 (emphasis added).

[7] On March 15, 2017, Appellants filed a Response to Appellee's New Matter.

[8] The roommates agreed to divide the rent evenly among the three of them and Naomi did, in fact, pay her one-third share prior to the accident.

at night, other than at the East Main Street premises after she moved into it; (7) Naomi was in the process of moving more of her belongings out of the Texas Hollow Road address and into the East Main Street premises at the time of the accident; (8) Naomi considered the East Main Street premises her residence after she moved into it on November 1, 2015; and (9) Naomi was trying to become independent of her parents and expressed no interest in moving back into the Texas Hollow Road address. Appellee sought a declaration that, given these facts, Naomi was not a "resident relative" under the Policy at the time of her death and that, consequently, Appellants were not entitled to recover stacked UIM benefits in connection with the accident.

On October 2, 2018, Appellee filed a Motion for Summary Judgment in which it argued that there were no genuine issues of material fact concerning Naomi's residence at the East Main Street premises, and not at the Texas Hollow Road address, at the time of the accident, and that they were entitled to judgment as a matter of law. In addition to the averments in its Answer, Appellee also noted the stipulated facts and deposition testimony indicating that: (1) the lease agreement for the East Main Street residence precluded residents from having mail delivered to that address and there was post office box available for that address; (2) the roommates of the East Main Street residence shared the utility bills; (3) Naomi did her own laundry at the East Main Street residence and participated in the cleaning and upkeep of the residence; (4) Naomi never expressed any interest or intention to move back to the Texas Hollow Road address with Appellants; (5) Naomi, Whitesel, and

Stouffer planned to move to Oregon at the end of their one-year lease term for the East Main Street residence; and (6) on December 21, 2015, Appellant Cathleen Grix informed Cathy Barnes, an employee of Appellants' insurance broker, that Naomi did not live Appellants at the time of the accident. In sum, Appellee asserted that Naomi ceased being a "resident relative" of Appellants' household on November 1, 2015, when she moved to the East Main Street residence. Accordingly, Appellee concluded that Naomi was a "class two insured" under the Policy, which precluded Appellants from stacking UIM coverage.[9]

Appellants also filed a Motion for Summary Judgment on October 2, 2018, in which they asserted that they were entitled to judgment as a matter of law because: (1) the undisputed facts established that Naomi was "merely temporarily living outside of her parents' home at the time of [the] accident," therefore, she was a resident of their household at the time of her death; (2) that the Policy terms were ambiguous as to when a family member had to be a resident of the named insured's home; (3) Naomi was a designated "class one" insured because Appellants listed her on the "drivers and household

_____

[9] Our Supreme court explained that a "class one" insured includes "the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either. **Utica Mutual Ins. Co. v. Contrisciane**, 473 A.2d 1005, 1010 (Pa. 1984). A "class two" insured includes "any other person while occupying an insured highway vehicle[.]" **Id.** The **Utica** Court concluded that a "class two" claimant is not a specifically intended beneficiary of an insurance policy, and cannot reasonably expect stacked coverage and, therefore, that his claim is limited to the limits of underinsurance coverage applicable to the vehicle he was operating. **Id.** at 1010-11.

- 6 -

residents" portion of the policy; (4) Appellants had paid a premium for stacked benefits and were entitled to the coverage for which they paid; and (5) denying Appellants' stacked benefits would unjustly enrich Appellee. Appellants' MSJ, 10/2/18, at 9-18.

Following a hearing, on December 26, 2018, the trial court concluded that, as a matter of "physical fact and presence," Naomi was not a resident of Appellants' household at the time of her death. Opinion, 12/26/18, at 3 (unpaginated). It also found the policy unambigious as to the relevant time of residency, that Appellants were not entitled to stacking as a matter of law or public policy, and that Appellee had not been unjustly enriched. *Id.* at 8 (unpaginated). It, therefore, denied Appellants' Motion for Summary Judgment, granted Appellee's Motion for Summary Judgment, and entered Judgment in Appellee's favor.

This appeal followed.[10] Appellants raise the following four issues for our review:

1. Whether the trial court erred when it held that [Naomi] was not a resident of her parents' household at the time of her tragic death even though the facts overwhelmingly establish she was a resident and she was listed as a "household driver" on her parents' policy[?]

2. Whether the trial court erred when it held that a person listed on a policy as a "driver and household resident" (and for which

---

[10] Appellants complied with the trial court's Order to file a Pa.R.A.P. 1925(b) Statement. The trial court did not file a Rule 1925(a) Opinion, and instead relied on its Memorandum Opinion filed on December 26, 2018, addressing the parties' competing Motions for Summary Judgment.

premiums are being charged) is not a designated insured and not entitled to stacking[?]

3. Whether the trial court erred when it held that [] Appellants did not have a reasonable expectation to receive stacking when they were paying premiums for their daughter being listed on the policy, they did not receive any premiums reimbursed covering any of the time period before death, the company initially considered her still residing at her parents' home at the time of her death, and when she was listed on the policy and her parents claimed her as a household dependent on income taxes[?]

4. Whether the trial court erred when it held that the [Policy] was not ambiguous despite failing to define when in time a person must be a "resident relative" to be given resident status under the policy[?]

Appellants' Brief at 4.

Each of Appellants' issues challenges the trial court's entry of summary judgment in Appellee's favor. Accordingly, our standard of review is for an abuse of discretion or error of law, and our scope of review is plenary. ***Sokolsky v. Eidelman***, 93 A.3d 858, 861 (Pa. Super. 2014).

We also note that:

Generally, the proper construction of a policy of insurance is a matter of law which may properly be resolved by a court pursuant to a motion for summary judgment. ***Nationwide Mut. Ins. Co. v. Nixon***, [ ] 682 A.2d 1310, 1313 ([Pa. Super.] 1996). Thus, the issue of whether a claim is within a policy's coverage or barred by an exclusion is properly determined[,] provided that the policy's terms are clear and unambiguous so as to preclude any issue of material fact. ***See Butterfield v. Giuntoli***, [ ] 670 A.2d 646, 651 ([Pa. Super.] 1995).

As with all questions of law, our scope of review of a trial court's order granting summary judgment is plenary. Our standard of review is the same as that of the trial court; we must review the record in the light most favorable to the nonmoving party granting [it] the benefit of all reasonable inferences and resolving all doubts in [its] favor. We will

reverse the court's order only where the appellant [ ] demonstrates that the court abused its discretion or committed legal error.

*Lewis v. Philadelphia Newspapers, Inc.*, 833 A.2d 185, 190 (Pa. Super. 2003) (internal citations omitted).

When interpreting a policy of insurance, we employ an analysis which, while derived from the law of contracts, recognizes that most insurance transactions are not freely bargained between equals but are largely adhesive in nature. *See Betz. v. Erie Ins. Exchange*, 957 A.2d 1244, 1252-53 (Pa. Super. 2008).

Insurance policies, like all contracts, are enforceable in accordance with the language used[,] and the scope of their coverage may be determined by the court as a matter of law. *See Pappas v. UNUM Life Ins. Co. of Am.*, 856 A.2d 183, 187 (Pa. Super. 2004). "In construing a contract, the intention of the parties is paramount and the court will adopt an interpretation which under all circumstances ascribes the most reasonable, probable, and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished." *Charles D. Stein Revocable Trust v. Gen. Felt Indus., Inc.*, 749 A.2d 978, 980 (Pa. Super. 2000). [ ]

*Id.* at 1252-53 (Pa. Super. 2008).

*Safe Auto Ins. Co. v. Berlin*, 991 A.2d 327, 331 (Pa. Super. 2010) (quoting *Bishops, Inc. v. Penn Nat. Ins.*, 984 A.2d 982, 989-90 (Pa. Super. 2009) (footnotes omitted)). Moreover, "[w]hen construing a policy, words of common usage [ ] are to be construed in their natural, plain and ordinary sense [ ] and we may inform our understanding of these terms by considering their dictionary definitions." *Wagner v. Erie Ins. Co.*, 801 A.2d 1226, 1231 (Pa. Super. 2002) (internal citations and quotation marks omitted).

In Appellant's first issue, they claim that the trial court erred as a matter of law in holding that the undisputed facts indicated that Naomi did not reside

in the same household as Appellants. They assert that the facts show that Naomi had "some consistent personal contact with her parents' home at the time of her death" sufficient to establish her residency in their home. Appellant's Brief at 9.

The Courts of this Commonwealth have historically recognized a distinction between a person's domicile and her residence. *Krager v. Foremost Ins. Co.*, 450 A.2d 736, 737-38 (Pa. Super. 1982) (). A person's "domicile" is where he or she has a "true, fixed and permanent home and principal establishment," whereas a person's "residence" is his or her "factual place of abode," which requires only his or her physical presence. *Id.* at 738 (citation omitted).

"[T]he term 'resident' or 'residency' requires, at the minimum, some measure of permanency or habitual repetition." *Wall Rose Mutual Ins. Co. v. Manross*, 939 A.2d 958, 965 (Pa. Super. 2007) (citation and quotation marks omitted). *See also Erie Ins. Exchange v. Weryha*, 931 A.2d 739, 744 (Pa. Super. 2007) (explaining that "the terms 'residence' and 'living' require, at the minimum, some measure of permanency or habitual repetition.").

The majority of insurance coverage cases interpreting the term "resident" analyze the issue with regard to the quantity of contacts an individual has with an insured's household. *Cf. Manross, supra* at 968 (deposition testimony of family members and friends supported determination that grandson was not resident of insured's home, where he was a drifter

- 10 -

whose visits did not occur with any regularity, but were random at best); **Krager**, **supra** at 737-38 (where insured's son spent six months of each year living in his New York mobile home, he was still considered resident of his mother's Pennsylvania home, for coverage under homeowner's policy, when he was living with her when accident occurred).

We find the case of **Amica Mutual Ins. Co. v. Donegal Mutual Ins. Co.**, 545 A.2d 343 (Pa. Super. 1988), to be particularly instructive. In that case, Donegal denied coverage for 18-year-old Elizabeth Hagerty on the basis that she was not a resident of her father's household. **Id.** at 344. Elizabeth's parents were divorced, and she was living with her mother. Donegal had issued a liability policy to Elizabeth's father, Dr. Robert Hagerty. **Id.** at 344-45. The trial court found that at the time of the accident, Elizabeth resided with her mother and Donegal had no duty to provide coverage. **Id.**

This Court affirmed, finding that although Elizabeth kept clothes at her father's house, 40 pairs of shoes, books, cosmetics, stuffed animals, tennis equipment, and a pet rabbit, and received mail there, she was not a "resident" for purposes of the policy. **Id.** at 345. Elizabeth testified that she stayed overnight at her father's house three to five times a month; her father testified that she only stayed overnight twice during the entire school year prior to the accident in June 1984. **Id.** This Court upheld the trial court's findings that she made only "sporadic" visits to her father's house, did not spend any significant time there, and the personal items she kept at her father's house were for convenience and did not evidence that she physically lived there. **Id.**

at 346. We found that the evidence supported the conclusion that Elizabeth had lived at her father's house and intended to live there again; however, these considerations were irrelevant. *Id.* at 349. The policy limited coverage to those who **actually reside in the household of the insured**; her intention was not the litmus test to determine residency status. *Id.* at 346-47 (emphasis added).

Similarly, here, although Naomi received mail at her parents' house, kept personal belongings there, and continued to use their address as her address of record, she could not be considered a "resident" of the household because, among other things, she slept elsewhere every night. There is no evidence to suggest that Naomi spent the night at her parents' home after she moved to the East Main Street premises on November 1, 2015. We, therefore, find no error in the trial court's determination that, as a matter of fact, Naomi did not reside at her parents' house at the time of the accident. Accordingly, Appellants are not entitled to relief on their first claim.

In their second issue, Appellants claim that the trial court erred in granting summary judgment in Appellee's favor because Naomi was a "class one" insured under the Policy. Appellant's Brief at 17-20. Without citation to any authority, Appellants claim that Naomi was a "class one" "designated insured" simply by virtue of them having named her as a "driver[] and household resident[]." *Id.* at 18. They then conclude that because Naomi was a "class one" insured, she is entitled to stacked benefits. *Id.* at 18-20.

Only a policy's "named insured and any designated insured and, while residents of the same household, the spouse and relatives of either" are entitled to "class one" insured status. ***Utica Mutual Ins. Co. v. Contrisciane***, 473 A.2d 1005, 1010 (Pa. 1984). A "class two" beneficiary includes "any other person while occupying an insured highway vehicle." "Class one" insureds are the specifically intended beneficiaries of insurance contracts, and can reasonably expect stacked coverage, while "class two" claimants are not specifically intended beneficiaries of an insurance policy, and cannot reasonably expect stacked coverage. ***Pennsylvania Nat. Mut. Cas. Co. v. Black***, 916 A.2d 569, 572 n.3 (Pa. 2007) (citing ***Utica***, ***supra***, and noting that occupants of vehicles, who are not named insureds or resident relatives of named insureds, are class two insureds who do not have a contractual relationship with the insurer as they have not paid premiums for the coverage and are not specifically intended beneficiaries of the policy).

While Naomi was an insured person under the Policy, it is undisputed that Appellants did not list her as a named or designated insured on the declarations page of the Policy. Moreover, as discussed *supra*, Naomi was not a resident of the same household. Therefore, the trial court did not err in concluding that Naomi was not a "class one" insured who would have been entitled to stacked benefits. This claim, thus, fails.

In their third issue, Appellants claim that the trial court erred in entering summary judgment in favor of Appellee because Appellants, who had paid premiums for Naomi's coverage, had a reasonable expectation that Appellee

would consider Naomi a resident of their household entitled to stacking at the time of her death. Appellant's Brief at 21. Appellants support this claim by emphasizing that Appellee did not refund Appellants for the premiums they paid for Naomi's coverage for the period after which Appellee claims Naomi was no longer a resident of Appellants' household. *Id.* at 21-22. They conclude that Appellee's refusal to refund those payments results in Appellee's unjust enrichment. *Id.* at 21.

While courts "must consider the totality of the insurance transaction to ascertain the insured's reasonable expectation, an insured may not complain that his or her reasonable expectations were frustrated by policy provisions and limitations which are clear and unambiguous." ***Cresswell v. Pennsylvania Nat. Mut. Cas. Ins. Co.***, 820 A.2d 172, 178 (Pa. Super. 2003) (citations omitted).

Instantly, two unambiguous provisions of the Policy inform our understanding of Appellants' reasonable expectations. First, the Policy unambiguously states that, for purposes of UIM benefits, an insured person is a relative, which the policy further defines as a person residing in the same household and related to the policyholder by blood. Naomi was not such a person.

Second, the Policy also unambiguously required Appellants to notify Appellee within 30 days of changes, including but not limited to, "the residents in your household." Appellants failed to notify Appellee within 30 days that Naomi had moved out of their residence. Appellants now seek to benefit from

their own failure to comply with the Policy's notice provision and continued payment of premiums on Naomi's behalf by arguing that their failure should result in a benefit to them—stacked UIM coverage—but to which they are not entitled owing to Naomi's "class two" status.

Given the clarity and unambiguousness of the relevant policy provisions, we conclude that denying Appellants stacked UIM benefits did not frustrate Appellants' reasonable expectations. The court did not, therefore, err in entering summary judgment against Appellants for this reason.

Last, Appellants claim that the trial court erred in granting Appellee's Motion for Summary Judgment because the Policy was ambiguous insofar as it neglected to articulate at what time a person must be a "resident relative" to be entitled to stacked UIM benefits. Appellants' Brief at 24-25. In support of their claim that this aspect of the Policy's definition of "resident relative" is reasonably susceptible to different constructions, Appellants offer four alternative interpretations: (1) the relative must reside in the home of the named insured at the inception of the policy; (2) the relative must reside in the home of the named insured at the time the insured adds her as a driver under the policy; (3) the relative must reside with the named insured at the time the policy is renewed; or (4) the relative must reside with the named insured at the time of the accident. *Id.* at 25. Appellants assert that "[it] is impossible to tell at what point in time an unmarried dependent child such as Naomi Grix must be a member of the household of the named insured to recover stacking, which makes the policy ambiguous." *Id.* at 26.

- 15 -

When interpreting the terms of an insurance contract, the appellate court's goal is to determine the intent of the parties as exhibited by the contract provisions. **Burton v. Republic Ins. Co.**, 845 A.2d 889, 893 (Pa. Super. 2004). To this end, we give the contract's terms their accepted meanings and we will not distort the plain meaning to find an ambiguity. **Id.**

Here, we conclude that Appellants have done just that—distorted the plain meaning of the Policy provision to find an ambiguity. It is axiomatic that, as demonstrated in the cases discussed *supra*, the courts construe policy language concerning residency at the time of the accident, because that is when the resident issue is material. Appellants have not persuaded us that there is an ambiguity in the relevant Policy provision. The parties' intent, as exhibited by the Policy's terms regarding stacked benefits, indicate that the place of Naomi's residence at the time of the accident is the determining fact to Appellants' entitlement to stacked benefits. Appellants are, therefore, not entitled to relief on this claim.

Order affirmed.

Judge Colins joins the memorandum.

Judge Nichols concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/10/2020

- 16 -